**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph PRIVETT, Defendant-Appellant.
No. 26888.**

United States Court of Appeals,
Ninth Circuit.

June 1, 1971.

Burton Marks (argued), Beverly Hills, Cal., for defendant-appellant.

Eric A. Nobles, Asst. U. S. Atty. (appeared), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CARTER and HUFSTEDLER, Circuit Judges, and THOMPSON, District Judge.*

JAMES M. CARTER, Circuit Judge:

Appellant, convicted and sentenced following a non jury trial on four counts involving narcotics, appeals, raising five contentions of error below. He asserts (1) the facts show entrapment as a matter of law; (2) he was deprived of due process of law by the failure of the government to produce an informer at the trial; (3) the trial court committed error in failing to make special findings of fact; (4) his convictions on counts II, III and IV involving heroin, rested on facts constituting one transaction; and (5) his conviction on count I involv-

ing sale of cocaine is invalid, since the sale was never completed. We affirm.

The counts under which appellant was convicted, charged:—Count I, sale of 978.08 grams of cocaine to a narcotic agent without obtaining from him a written order form in violation of 26 U. S.C. § 4705(a); Count II, receiving, concealing and facilitating the concealment, and transportation of 28.970 grams of heroin, 26% pure, in violation of 21 U.S.C. § 174; Count III, receiving and concealing and facilitating the concealment and transportation of 509.550 grams of heroin, 98% pure, in violation of 21 U.S.C. § 174; Count IV, receiving and concealing and facilitating the concealment and transportation of 101.590 grams of heroin, 27.3% pure, in violation of 21 U.S.C. § 174.

All four offenses were charged to have been committed on May 1, 1969. Appellant was sentenced to concurrent terms of five years on each count.

## I.

### *Entrapment.*

In the recent case of United States v. Griffin (9 Cir.1970) 434 F.2d 978, we stated: "This defense [of entrapment as a matter of law] is found only where the jury could not with reason find otherwise than that appellant was not a person predisposed to commit the crimes of which he stands convicted, but was an otherwise innocent person seduced into the act by Government agents. Robison v. United States, 379 F.2d 338, 343 (9 Cir.1967); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210 [77 L.Ed. 413] (1932) * * * Under our decisions, the resolution of * * * conflicting assertions of fact relevant to the entrapment issue is a credibility question for the jury. Robison, *supra*, 379 F.2d at p. 343. In Sherman v. United States, 356 U.S. 369, 373, 78 S.Ct. 819, 821, 2 L.Ed.2d 848 (1957) the Supreme Court was careful to note that in

---

* Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

finding entrapment as a matter of law on the facts of the case, they were 'not choosing between conflicting witnesses, nor judging credibility.' " [p. 981].

It would serve no purpose to detail the extensive evidence which reflects appellant as a man eager to make money from the sale of narcotics, a man who knew exactly what he was doing, and a man who made numerous efforts to sell smaller amounts of narcotics in the Los Angeles area even before his involvement in the major narcotic transactions charged in the indictment. He was not "* * * an otherwise innocent person seduced into the act by Government agents." United States v. Griffin, *supra*, p. 981.

## II.

### *Failure to Produce the Informer at Trial*

██ The identity of a government informant, one Underwood, was disclosed by the government at the hearing on motion to suppress. At the beginning of the trial, defense counsel stated that there was a government agent he had asked the government to produce, and stated further that the government informed him they could not locate him although he had a case pending in this district. The assistant U.S. Attorney in response to the court's inquiry stated, "* * * the person to whom Mr. Marks is referring is the individual whose identity was revealed at the motion to suppress * * * I informed Mr. Marks that from my conversations with the agent in the case that he could not be located." The assistant further stated that Underwood, the informer, was "not a percipient witness to any transaction involved in this indictment." The assistant U. S. Attorney then conferred with the agent and stated, "I was informed by agent McKinnon that, number one, there is a last known address of this individual in downtown Las Vegas. Number two, to the knowledge of Mr. McKinnon there is a warrant outstanding for this individual from the Las Ve-

gas Police department;" and that the warrant was unserved. The court inquired, "Are you otherwise ready, Mr. Marks?" to which Mr. Marks replied "Yes Sir."

This exchange at the beginning of the trial is the one and only time that the issue was raised. No motion of any kind was made by the appellant. The record indicates that the government revealed what information it had concerning Underwood. No showing was made by appellant of his effort to locate Underwood. No subpoena was requested or obtained. The record indicates the appellants' counsel was content with the representations made by the government. Appellant may not raise the question on appeal.

The record is clear that Underwood was not a participant or witness to the offenses charged in the indictment, and his unavailability as a witness at the trial violated no constitutional rights of the appellant.

Wilson v. United States, (9 Cir.1969) 409 F.2d 184, 187, cert. denied 395 U.S. 983, 89 S.Ct. 2146, 23 L.Ed.2d 771 (1969); Bloomer v. United States, (9 Cir.1969) 409 F.2d 869. Appellant's reliance on Velarde-Villarreal v. United States, (9 Cir.1965) 354 F.2d 9, is misplaced. There a motion was made during the trial and denied, for the production of a government informer who had *participated* in the commission of the crime.

## III.

### *Request for Special Findings*

██ Rule 23(c) F.R.Crim.Proc. provides in part:

"(c) Trial Without Jury. In a case tried without a jury the court shall make a general finding and shall in addition *on request* find the facts specially. * * * *" [Emphasis added]

Counsel for the appellant struck out from the court form for jury waiver, the section waiving special findings. At no

time however, did he request special findings of fact. He did not refer to it in his motion for judgment of acquittal. See Benchwick v. United States, (9 Cir. 1961) 297 F.2d 330, 335. The court made the general finding of guilty. There was no request for special findings. It is too late on appeal for appellant to now contend he was denied his right to special findings of fact.

## IV.

### *Validity of Counts II, III and IV.*

Appellant contends that counts II, III and IV, involving heroin, rested on facts constituting one transaction. The record demonstrates that appellant is incorrect. The heroin in count II of the indictment was 28.970 grams of 26% pure heroin and was removed from appellant's shirt pocket at the time of his arrest. The heroin in count III of the indictment was 509.550 grams of 98% pure heroin which the appellant had placed under the front seat of his Volkswagen and was recovered after his arrest. The heroin in count IV was 101.50 grams of 27.3% pure heroin found in appellant's suit case in the trunk area of the Volkswagen.

Different facts as to the purity of the heroin and its location were involved in each of the counts. Different acts of the appellant were involved in each count. Since different proof was required as to each of the three counts on the charge of receiving, concealing and facilitating the concealment and transportation of different batches of heroin, the three counts stated separate offenses.

In any event under the concurrent sentence doctrine of Hirabayashi v. United States, (1943) 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774, as a matter of judicial convenience, we are not required to examine the validity of more than one of the counts. Accord, United States v. Jack, (9 Cir.1971), 439 F.2d 879.

## V.

### *The Sale of Cocaine Charged in Count I Was a Completed Sale.*

Appellant contends that as to the charge of the sale of cocaine in count I, the evidence shows no completed act but only an attempt. Barnett v. United States, (9 Cir. 1949) 171 F.2d 721, 722, this court held that where an agreement had been reached on the price of narcotics and the defendant delivered the narcotics, the sale was complete and judgment of conviction was affirmed. *Barnett* is still good law. Accord, United States v. Kellerman, (10 Cir.1970) 432 F.2d 371, 375.

The evidence in the case at bar, viewed in the light most favorable to the government, shows an agreement on the price of the cocaine and the delivery of the cocaine to the federal agent. The evidence further shows that part of the money was handed to appellant and thereafter the arrest of the appellant occurred.

Judgment is affirmed.