**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-581 |
| Plaintiff - Appellee, | D.C. No. 2:18-cr-00221-JVS-1 |
| v. | |
| ANDRES BURGARA, AKA Saraisa Burgara, AKA Tigre, AKA Andres Leonardo Vazque Burgara, AKA Herman Sandoval, AKA Saraisa Lemus Burgara, AKA Leonardo Bugara, AKA Roberto Martinez, AKA Andres Burgara-Campos, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 25, 2024
Pasadena, California

Before: IKUTA and BRESS, Circuit Judges, and BASTIAN, Chief District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stanley A. Bastian, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

Defendant Andres Burgara appeals his convictions and sentence for one count of possession with intent to distribute methamphetamine (Count 1), two counts of possession with intent to distribute cocaine (Counts 2 and 7), and one count of possession with intent to distribute marijuana (Count 5) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (C), (D); three counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts 4, 6, and 9); and two counts of possession of a firearm during and in relation to, or in furtherance of, drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Counts 3 and 8).

Prior to trial, Burgara filed unsuccessful pretrial motions, including motions to suppress, in which he challenged the wiretap and subsequent searches, and a motion to compel to obtain the identity of the confidential sources used in the investigation. He also asked the trial court to suppress evidence found in his car during a traffic stop and at his house during the execution of a search warrant. At trial, Burgara conceded that he committed the drug and gun possession offenses. Thus, the sole issue at trial was, with respect to the § 924(c) charges, whether Burgara carried the firearms during and in relation to the drug-trafficking crimes or possessed them in furtherance of the drug-trafficking crimes.

After the Government rested and again after the jury rendered its verdict, Burgara unsuccessfully moved for judgment of acquittal on the two contested counts and in the alternative, a new trial. The district court denied the motions and

sentenced Burgara to 271 months' imprisonment and five years' supervised release.

Burgara appeals the denial of his suppression motions, asks for a new trial, and appeals his sentence. He argues that: (1) the district court erred in denying his motions to suppress because the wiretap of his cell phone was illegal and the evidence obtained at the traffic stop was the fruit of the illegal electronic surveillance and, even assuming the wiretap was lawful, the search of his car independently violated the Fourth Amendment; (2) his trial was infected with errors, including admission of the Government's expert testimony about the connection between drugs and guns, admission of hearsay from his wife in violation of the Confrontation Clause, improper limits on his cross-examination of a witness, repeated prosecutorial misconduct, and incorrect jury instructions; and (3) his sentence must be vacated because he was convicted on multiplicitous counts, the district court erred in applying a weapons enhancement, erred in declining to apply a downward adjustment for acceptance of responsibility, and exceeded the statutory maximums for four counts.

We have jurisdiction under 28 U.S.C. § 1291 and affirm Burgara's convictions and sentence, but with a limited remand to correct the judgment on Counts 4, 5, 6, and 9.

1.  The district court did not abuse its discretion in denying Burgara's

motions to suppress information obtained from the wiretap and information obtained through the search, as poisonous fruit of the wiretap. *United States v. Brone*, 792 F.2d 1504, 1506 (9th Cir. 1986) (the district court's decision that the wiretap was necessary is reviewed for abuse of discretion). The wiretap satisfied two of the three possible methods to demonstrate necessity for wiretap surveillance, because the Government showed that other methods of surveillance had been tried and were unlikely to succeed going forward. *See United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir. 2005) (noting the Government may establish necessity for a wiretap by showing that traditional investigative techniques "(1) have been tried and failed; (2) reasonably appear unlikely to succeed if tried; or (3) are too dangerous to try"). Burgara's assertions that the Government merely transferred a statutory showing of necessity from one application to another have no basis in the record. Consequently, the evidence of the drugs and guns found in the car, house, and truck were not tainted by an illegal wiretap. Regardless, the June 2017 wiretap was too attenuated from the March 2018 traffic stop, so any problems with the wiretap could not justify suppression of evidence found during the stop.

Further, based on the totality of the circumstances, including previously observed hand-to-hand transactions and Burgara's behavior and demeanor during the stop, the deputies had probable cause to search the Honda under the Fourth

Amendment's automobile exception. *Collins v. Virginia*, 584 U.S. 586, 591 (2018) (holding that under the Fourth Amendment's automobile exception, officers may search a vehicle without a warrant when there is probable cause of illegal activity). Because the deputies had probable cause to search the car, we need not reach Burgara's remaining arguments based on his lack of consent and the community-caretaking exception.

In addition, the district court did not abuse its discretion in denying Burgara's motion to compel disclosure of the identity of the confidential informant because Burgara failed to make specific allegations that portions of the warrant were false, or omitted material information, as necessary to compel the identity. *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983).

2. Burgara's assertions that he did not receive a fair trial are belied by the record, given the strong evidence of his guilt presented at trial and his concessions that he committed the drug and gun possession charges.

First, at trial, Burgara did not challenge that the Drug Enforcement Agency (DEA) agent qualified as an expert under Rule 702 of the Federal Rules of Evidence. He only challenged the timing of the supplemental testimony of the agent, which was proffered on the eve of trial. Moreover, the agent's testimony was reliable based on his extensive field experience and knowledge of drug-dealing operations. *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir.

1997) (noting that a DEA agent's experience and training provides a basis for reliable opinions about drug trafficking).

Second, although the admission of the hearsay testimony from Burgara's wife violated the Sixth Amendment's Confrontation Clause, the Government has shown the error was harmless beyond a reasonable doubt. *United States v. Bustamante*, 687 F.3d 1190, 1195 (9th Cir. 2012). The statement was cumulative, there was corroborating evidence from Burgara's son's testimony, and Burgara conceded to committing seven of the nine charges. Also, Burgara admitted that the truck, and the drugs and guns found in the truck's secret compartment, belonged to him, and he likewise admitted to installing the secret compartment.

Third, the district court did not abuse its discretion in limiting cross-examination regarding alleged threats made to Burgara by the police, where the only portion of Burgara's statements that were played to the jury were made before any alleged threats were given. *Ortiz v. Yates*, 704 F.3d 1026, 1035 (9th Cir. 2012) ("Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness safety, or interrogation that is repetitive or only marginally relevant.") (emphasis and quotations omitted).

Fourth, with respect to Burgara's claim of prosecutorial misconduct, the

Government presented ample evidence to support the verdict and any alleged misconduct played a minor role in the trial. Accordingly, any prosecutorial misconduct was not plain error. *United States v. Flores*, 802 F.3d 1028, 1040 (9th Cir. 2015).

Fifth, we decline to review Burgara's arguments regarding Jury Instruction No. 27 pursuant to the invited error doctrine. *United States v. Tuyet Thi-Bach Nguyen*, 565 F.3d 668, 676 (9th Cir. 2009). And although the district court erred in defining "in furtherance" as "playing a role in the crime," this error was harmless because the evidence was strong that Burgara possessed the firearm in furtherance of a drug trafficking crime, and there was nothing in the record from which the jury could infer that he unknowingly or accidently stored the firearms with the drugs. *United States v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009).

Finally, given the strong evidence against Burgara, any alleged cumulative error did not affect the trial. *See Flores*, 802 F.3d at 1042 (noting that if the evidence against the defendant is strong, he is less likely to be prejudiced by the effect of cumulative errors). Many of Burgara's allegations do not reflect error, and the few minor errors that may have occurred did not make his trial unfair.

3. Turning to the sentencing issues, Burgara has not shown that the district court committed plain error in sentencing him to 271 months' imprisonment, although we remand for correction of the judgment to accurately reflect the

statutory maximum sentences for Counts 4, 5, 6 and 9, as the 151-month sentence exceeded the statutory maximum for the felon in possession of a firearm offenses and the marijuana possession offense.

Burgara argues that the district court erred in sentencing him on two separate possession with intent to distribute cocaine charges (Counts 2 and 7), rather than for a single violation of § 841(a). He also argues the district court erred in sentencing him on three separate felon in possession of firearms charges (Counts 4, 6, and 9), rather than as a single violation of § 922(g)(1). Burgara further argues that, because the two § 841(a) convictions for cocaine possession (Counts 2 and 7) were multiplicitous, he could not be convicted of both Counts 3 and 8, which were predicated on those charges. Because Burgara did not raise his multiplicity challenges below, the standard of review is plain error. *United States v. Ankeny*, 502 F.3d 829, 838 (9th Cir. 2007).

For the drug charges, where separate caches of a controlled substance are found in separate vehicles which are themselves found in different locations, it was at the very least not plain error for Burgara to be charged and convicted of multiple § 841(a) offenses. *See United States v. Privett*, 443 F.2d 528, 531 (9th Cir. 1971). And because the § 841(a) counts were properly charged as separate crimes, there was sufficient evidence to convict Burgara on two separate § 924(c) counts. *See United States v. Andrews*, 75 F.3d 552, 558 (9th Cir. 1996).

With respect to the firearms charges, "[g]uns that are acquired at different times or stored in separate places permit separate punishment to be imposed for each violation of § 922(g)." *United States v. Keen*, 104 F.3d 1111, 1118 n.11 (9th Cir. 1996). Once again, at minimum, it is not plain error to conclude that when different evidence shows that a defendant possessed each firearm that was acquired or stored separately, each firearm can support a separate felon in possession charge. *United States v. Richards*, 52 F.4th 879, 887 (9th Cir. 2022) (holding that separate charges are permissible when the guns were "acquired at different times or stored in separate places"). Here, the guns were stored in separate locations and at least one firearm was acquired at a different time from the others. Thus, the district court did not plainly err in considering each drug charge and each firearm charge individually.

Next, the district court did not err in denying Burgara the acceptance of responsibility adjustment under U.S.S.G. § 3E1.1(a)—especially considering that Burgara proceeded to trial. *United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir. 2004) ("The determination of the sentencing judge is entitled to great deference on review because of the sentencing judge's unique position to evaluate a defendant's acceptance of responsibility.") (internal quotation mark omitted); *see also United States v. Gambino-Ruiz*, 91 F.4th 981, 991 (9th Cir. 2024) (noting that a defendant who goes to trial will receive this adjustment only in "rare situations").

Additionally, the district court did not err in relying on the PSR to determine Burgara's criminal history. *United States v. Marin-Cuevas*, 147 F.3d 889, 894 (9th Cir. 2009) (noting that failing to include the actual records in the report does not disqualify the criminal behavior from counting in the criminal history review).

Burgara further argues the district court should not have imposed a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for Burgara's possession of a dangerous weapon in connection with a drug offense. Because Burgara did not object, we review for plain error. Given the language of § 2D1.1(b)(1), which directs a two-level increase when "a dangerous weapon (including a firearm) was possessed," the district court would not have plainly erred in imposing a two-level enhancement. But since we are already remanding for resentencing, the district court may consider the issue anew during resentencing. The district court may also specify in its revised sentence whether the addition of the two-level enhancement would have made a difference to the overall sentence imposed.

Finally, the statutory maximum sentence for Counts 4, 6, and 9 is 120 months, 18 U.S.C. § 924(a)(2), and the statutory maximum sentence for Count 5 is 60 months, 21 U.S.C. § 841(b)(1)(D). The parties agree that the 151-month sentences on these counts were imposed in error. The district court should correct the judgment on these counts to reflect this.

AFFIRMED, with a limited remand to correct the judgment to accurately

23-581

reflect the statutory maximums. At resentencing, the district court may also reconsider its imposition of the two-level enhancement under § 2D1.1(b)(1).[1]

---

[1] We grant appellant's motion for judicial notice. Dkt. 15.