# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 04-4051

JAMES GOMEZ,

*Petitioner-Appellant,*

*v.*

GERALD A. BERGE, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 C 17—**Barbara B. Crabb**, *Chief Judge.*

ARGUED NOVEMBER 8, 2005—DECIDED JANUARY 12, 2006

Before BAUER, MANION, and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* James Gomez was indicted in the state court on charges of first degree reckless homicide in connection with the death of his infant son. Gomez elected to represent himself, a course of action the court allowed after it determined Gomez was competent to act pro se. On the third day of trial, the judge reversed his decision, and determined that Gomez in fact lacked the capacity to conduct his own defense. A mistrial was declared. Gomez subsequently entered a plea of no contest, and was sentenced to a forty-year prison term. By petition for habeas corpus relief, Gomez now asks this Court to set aside his plea and sentence, claiming that the state court proceedings violated both his Sixth Amendment right to self-

representation and the Double Jeopardy Clause of the Fifth Amendment. We refuse this invitation, finding that Gomez waived his right to challenge any constitutional deprivations that may have occurred at trial by pleading no contest to the charges against him.

## I. Background

Gomez pleaded no contest to first-degree reckless homicide after entering into a plea agreement with the government. In exchange for his plea, additional charges relating to an assault of the infant's mother were dismissed. Shortly thereafter, Gomez attempted to withdraw his plea as he claimed it was involuntary. That motion was denied.

On direct appeal from his conviction, Gomez contended that the trial court had violated his right to represent himself by basing its decision to terminate that right on the court's disagreement with Gomez's trial strategy. For this same reason, Gomez argued, the trial court's decision to grant a mistrial was not justified by manifest necessity, and therefore the state unconstitutionally placed him in jeopardy twice when it brought him to trial the second time.

The appellate court affirmed Gomez's conviction in an unpublished order. The court concluded that the trial transcripts revealed that Gomez was incompetent to conduct his own defense, and the trial court acted properly when it declared a mistrial over Gomez's objections. The appellate court reasoned that manifest necessity to declare a mistrial existed because Gomez had, by his incompetence, so botched his defense that a fair trial was only possible if the proceedings began anew with the assistance of defense counsel. Gomez appealed this decision to the Wisconsin Supreme Court, which denied his petition for review. *State v. Gomez*, 260 Wis. 2d 753 (Wis. 2003).

Gomez next filed a petition for a writ of habeas corpus which is the subject of this appeal. The same arguments

were made. The district court determined that Gomez's ability to raise any constitutional claims on collateral attack was likely barred by his no contest plea. The court, however, did not decide this issue because it found that Gomez's claims failed on their merits. A certificate of appealability was nonetheless granted to determine whether Gomez was denied his Sixth Amendment right to self-representation and protection against double jeopardy.

## II. Analysis

We review the district court's decision to deny a habeas petition de novo. *Schaf v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999). Because Gomez filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, its standard of review governs his claims. Under the AEDPA, habeas relief is only available if Gomez may prove that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

It is well established that an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered. *See Brady v. United States*, 397 U.S. 742 (1970) (guilty plea waives right to challenge constitutionality of statute underlying the charge); *McMann v. Richardson*, 397 U.S. 759 (1970) (review of allegations of coerced confessions foreclosed). A plea of no contest invokes the same waiver principle. *United States v. Michigan Carton Company*, 552 F.2d 198, 202 (7th Cir.

1977). By pleading no contest, a defendant impliedly admits all allegations in the indictment. In this way, a no contest plea is indistinguishable from a guilty plea, in that it forecloses any opportunity to contest any alleged antecedent constitutional deprivations. As the Supreme Court explained in *Tollett*,

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he many not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

However, a defendant does not necessarily waive all constitutional claims when he enters a plea of guilty or no contest. Double jeopardy claims are one example. A plea of guilty or no contest does not forgive the unconstitutionality of an indictment. *Menna v. New York*, 423 U.S. 61, 63 (1975). In *Menna*, the Supreme Court stated that a defendant's guilty plea did not constitute a waiver of his right to claim that the double jeopardy clause barred prosecution on the indictment. *Id*. at 62. The Court explained that where the government is precluded from "haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Id*. We have recognized this exception in our own cases. *See United States v. Seybold*, 979 F.2d 582 (1992).

But the Supreme Court in *Menna* did not hold that a double jeopardy claim may never be validly waived. *Menna*, 423 U.S. at 63 n.2. In fact, double jeopardy rights may be waived by failing to preserve the issue for appeal. *Peretz v. United States*, 501 U.S. 923, 936 (1991) (citing with ap-

proval *United States v. Bascaro*, 742 F.2d 1335, 1364-65 (11th Cir. 1984) (holding that failure to raise the issue of double jeopardy at trial results in a waiver of that claim)). Here, when Gomez entered his plea, he did not preserve the double jeopardy issue for appeal. Rather, he entered an unconditional plea of no contest. His double jeopardy claim was waived.

Likewise, by pleading no contest to the charges against him, Gomez waived his right to challenge any other alleged constitutional violations that preceded his plea. This includes contesting the trial court's determination that he was not competent to represent himself at trial.

### III.  Conclusion

Accordingly, the decision of the district court denying Gomez's petition for habeas relief is AFFIRMED.

A true Copy:

       Teste:

                               _____
                               *Clerk of the United States Court of*
                                  *Appeals for the Seventh Circuit*