**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008
Decided November 14, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1502

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 06-CR-301 |
| | |
| FREDDIE ROBERTSON, | Lynn Adelman, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

After a tipster told police that Freddie Robertson had a pistol and was dealing cocaine out of his home, the police obtained a warrant and searched the home. They found drug paraphernalia, large amounts of crack and powder cocaine, a small amount of marijuana, and $25,955. Robertson returned home during the search, but when he saw the police he fled by car. The police gave chase, arrested Robertson, and found a loaded gun in the car. Robertson was indicted on two drug charges and two gun charges. He moved to suppress the evidence found at his house, but the district court denied the motion. Robertson then pleaded guilty to possession with intent to distribute crack, *see* 21 U.S.C. § 841(a)(1), and use of a firearm in relation to a drug trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A). The district court sentenced Robertson to the lowest sentence permitted: 120

months for the drug count and 60 months for the gun count, to be served consecutively. Robertson filed a notice of appeal, but his appointed lawyer moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous ground for appeal. Robertson did not accept our invitation to respond to his lawyers' submission. *See* CIR. R. 51(b). Limiting our review to the potential issues identified in counsel's supporting brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion and dismiss the appeal.

In his *Anders* submission, counsel first considers a challenge to the voluntariness of Robertson's guilty pleas, but because Robertson has not told counsel that he wishes to withdraw those pleas, counsel correctly chooses not to explore the issue further. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Next, counsel considers a challenge to the denial of Robertson's motion to suppress, but any such challenge was waived when Robertson entered unconditional pleas of guilty. *See Gomez v. Berge,* 434 F.3d 940, 942 (7th Cir. 2006) ("It is well established that an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered."). A conditional plea preserves such a challenge, *see* FED. R. CRIM. P. 11(a)(2), but Robertson did not enter one, so counsel is correct that this potential issue would be frivolous.

Finally, counsel considers a challenge to Robertson's overall prison sentence, but the district court imposed the mandatory minimum for both counts of conviction. *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A)(I). Even after *United States v. Booker*, 543 U.S. 220 (2005), district courts do not have the freedom to disregard statutory minimums, *see United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007), so an argument that the court should have done so would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.