NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted:  February 14, 2012
Decided: March 5, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

EDMOND E. CHANG, *District Judge**

No. 11-2786

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| v. | No. 3:10-cr-30095-DRH-1 |
| STEVEN D. BALLINGER, *Defendant-Appellant.* | David R. Herndon, *Chief Judge*. |

## O R D E R

Defendant-appellant Steven D. Ballinger videotaped two instances of himself having sex with a 13 year-old girl—he was 26 at the time.  After being indicted on one count of

---

* The Honorable Edmond E. Chang, District Judge of the United States District Court for the Northern District of Illinois, sitting by designation.

production of child pornography in violation of 18 U.S.C. § 2251(a), Ballinger entered a guilty plea and the district court sentenced him to 360 months' imprisonment. Ballinger appeals his conviction and sentence on several grounds. He first challenges the conviction on the theory that, after a state conviction for the same conduct, the federal conviction constituted double jeopardy. Tied to his double jeopardy claim is a due process rights challenge to his state conviction. Ballinger also challenges the reasonableness of his federal sentence.

Ballinger's argument is somewhat difficult to decipher. For instance, he asserts a due process violation in connection with his state-court conviction, but his prayer for relief asks us to vacate the district court's order. So it is not absolutely clear which conviction he is challenging. Either way, his claims fail, but to be thorough we address each one.

To the extent Ballinger's appeal challenges the state-court conviction, he loses. Ballinger claims a due process violation on the basis that the state court did not admonish him that he could be punished for the same conduct by the federal government after his conviction and sentence by the State. Ballinger did not make this argument in the district court; and, we will not hear it now. *See United States v. Staples*, 202 F.3d 992, 996 (7th Cir. 2000).

Next, the double jeopardy claim. Ballinger did not raise this issue in the district court; instead, he entered an unconditional guilty plea; this waived any double jeopardy claim. *United States v. Broce*, 488 U.S. 563, 571 (1989); *Gomez v. Berge*, 434 F.3d 940, 943 (7th Cir. 2006).

At any rate, even had it been preserved, the double jeopardy clause does not bar successive prosecutions by separate sovereigns. *Koon v. United States*, 518 U.S. 81, 112 (1996). Illinois and the United States are separate sovereigns. Recognizing this, Ballinger attempts to avail himself of the *Bartkus* exception to the dual sovereignty doctrine. *See Bartkus v. Illinois*, 359 U.S. 121, 122–24 (1959). He argues that the United States and the State of Illinois conspired to re-prosecute him after an unsuccessful prosecution. In *Bartkus*, the Supreme Court, in dicta, suggested that it would be impermissible for one sovereign to use the other as a "tool" to bring a successive prosecution, thereby making the second prosecution a "sham and a cover" for the first. *Id.*; *see United States v. All Assets of G.P.S. Auto. Corp.*, 66 F.3d 483, 494-96 (2d Cir. 1995) (discussing *Bartkus* exception). This exception, if it exists at all, is a narrow one (*see United States v. Tirrell*, 120 F.3d 670, 677 (7th Cir. 1997)) and here no evidence suggests that the federal government was acting as a "tool" of the State. (He was, after all, successfully prosecuted by the State.)

Ballinger also argues that his sentence should be reduced or his federal charges dismissed on the basis that the Government's prosecution somehow violated the *Petite* Policy, a policy of the Department of Justice. The *Petite* Policy generally precludes the initiation of a federal prosecution following a state prosecution absent a "compelling federal interest." *See*

*generally*, *United States v. Mitchell*, 778 F.2d 1271, 1274, n. 2, (7th Cir. 1985). (A prosecutor may, however, obtain special approval for a successive prosecution in a case in which the state proceeding has left "substantial federal interests demonstrably unvindicated" and in which an enhanced federal sentence appears likely. *Id.)*

As an internal prosecutorial guideline, the policy does not provide a criminal defendant with any substantive rights. *Id*. at 1276.

Last, we come to Ballinger's challenge of the reasonableness of his sentence. Here he argues that the district court abused its discretion and erred by refusing to give credence to Ballinger's educational and athletic history and psychological evaluation.

A sentencing court must first correctly calculate the advisory Guidelines range. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005). Next, the defendant must be given the opportunity to bring to the court's attention any factors under § 3553(a) that might warrant a sentence below the Guidelines range. *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). The court must consider those factors in selecting an appropriate sentence, although it need not expressly address all of them. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). When the court selects a sentence within the Guidelines range, it is enough that "the record confirms that the judge has given meaningful consideration to the section § 3553(a) factors." *Id*.

The district court completed the required steps in this case. First, there is no dispute that the district court correctly calculated an advisory Guidelines range of 292-360 months. Next, Ballinger was allowed to argue the § 3553(a) sentencing factors in favor of a lighter sentence. The district court then considered the statutory factors in § 3553(a), including the nature of the offense, Ballinger's criminal history, and his characteristics. The record here provides sufficient support to conclude that the district court meaningfully considered the § 3553(a) factors after Ballinger was given an opportunity to make his argument for a sentence below the statutory maximum and below the Guidelines range.

For the foregoing reasons, we AFFIRM the district court's judgment in all respects.