FILED
United States Court of Appeals
Tenth Circuit

June 14, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SEAN J. LEVIN,

Petitioner - Appellant,

v.

ANTHONY ROMERO, Warden,

Respondent - Appellee.

No. 12-2039

(D.C. No. 1:11-CV-00204-JCH-RHS)

(D. New Mexico)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Applicant Sean J. Levin, a New Mexico prisoner, filed an application for

relief under 28 U.S.C. § 2254 in the United States District Court for the District

of New Mexico. The district court denied the application. He seeks a certificate

of appealability (COA) from this court to appeal the denial. *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254 application).

We deny his application for a COA and dismiss the appeal.

I.      BACKGROUND

In February 2008 a New Mexico grand jury indicted Applicant on one count

of armed robbery, one count of attempted armed robbery, two counts of

aggravated assault, and two counts of false imprisonment. In March 2009 he

agreed to plead no contest to armed robbery on condition that the State dismiss

the other charges. The State also agreed to a maximum term of imprisonment of three years, but subject to the following:

> Any sentencing agreement is specifically conditioned on the Defendant not violating any conditions of release while pending sentencing, not violating any Federal, State or Local laws while pending sentencing, and on the Defendant appearing for the PSR interview (if applicable) and for sentencing.

R., Vol. 1 at 104. In addition, the plea agreement provided that if Applicant violated any law after entering the plea, he would be subject to habitual-offender proceedings based on prior convictions. Before accepting this agreement, the state district court conducted a hearing to determine whether Applicant knowingly and voluntarily entered into the plea. At the June 11, 2009, sentencing hearing the court committed Applicant to the state corrections department for a 60-day evaluation.

Meanwhile, shortly before the sentencing hearing, Applicant was arrested for a commercial burglary committed on June 4, 2009. He was charged by information with the offense and a later information also charged him with commercial burglary and larceny committed on November 18, 2008. On September 30, 2009, Applicant entered into a revised plea agreement in which he admitted breaching his prior agreement and agreed to plead no contest to the June 4, 2009, commercial burglary and the November 18, 2008, larceny. In return, the State agreed that Applicant would serve the sentences for all his convictions concurrently and that his total term of imprisonment would be four years. On the

date of the revised agreement, the state district court held another sentencing hearing, during which Applicant confirmed that he understood the consequences of his pleas and that he knowingly and voluntarily waived his rights. The court adjudicated him to be an habitual offender and imposed the following concurrent terms of imprisonment: nine years for armed robbery plus a one-year firearm enhancement and a one-year habitual-offender enhancement; 18 months for larceny plus a one-year habitual-offender enhancement; and 18 months for commercial burglary plus a four-year habitual-offender enhancement. The court suspended seven years of the total term of 11 years, and further imposed five years of probation.

Applicant filed a habeas petition in state district court but the court denied the petition and the New Mexico Supreme Court denied his petition for a writ of certiorari. On March 3, 2011, he filed his § 2254 application. He asserted (1) that he was insane at the time he committed the crimes described in his plea agreement and (2) that there was insufficient evidence of his guilt of larceny over $500 for stealing a bicycle on November 18, 2008, because the value of the bicycle did not exceed $500. In addition, he claimed that his trial counsel was ineffective in (3) failing to press his insufficient-evidence claim; (4) failing to attack the voluntariness of his plea; (5) failing to present records of his psychiatric history to the state court; (6) failing to file a motion to remove the prosecutor for bias and misconduct; (7) failing to protect his right of allocution;

and (8) failing to advise him of the consequences of his plea. Finally, Applicant asserted (9) that the cumulative impact of his counsel's errors rendered the state-court proceedings fundamentally unfair and (10) that his convictions for both commercial burglary and larceny constituted a violation of the Double Jeopardy Clause. He sought an evidentiary hearing, vacation of his convictions, a new trial, and a new plea hearing. The district court denied relief.

In this court Applicant abandons his last four claims and pursues only the first six. He also complains that the magistrate judge neglected to respond to his Motion to Order State to Complete Order For State Records; but the district court ruled on the motion in its order denying habeas relief, so there was no error.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted).  Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted).  Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.*  Rather, that application must have been unreasonable.  Additionally, AEDPA requires deference to state-court fact findings.  Such findings are presumed correct and

"[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). For those of Applicant's claims that the state court adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

We now turn to Applicant's claims in this court. We note at the outset that Applicant's claims of insanity and insufficient evidence are factual challenges to his guilt that are procedurally barred by his no-contest plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (guilty plea bars challenge to nonjurisdictional pre-plea errors); *Osborn v. Shillinger*, 997 F.2d 1324, 1327 (10th Cir. 1993) (same); *Gomez v. Berge*, 434 F.3d 940, 942–43 (7th Cir. 2006) (treating no-contest plea the same as guilty plea); *State v. Hodge*, 882 P.2d 1, 5 (N.M. 1994) (same). The rest of Applicant's claims concern ineffective assistance of counsel. "[I]n order to prevail on a claim of ineffective assistance of counsel, [he] must show both that his counsel's performance fell below an objective standard of reasonableness *and* that the deficient performance prejudiced the defense." *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (internal quotation marks omitted).

First, Applicant contends that his counsel failed to argue that the value of the stolen bicycle was less than $500. The problem with this contention is that he

does not state whom his counsel was supposed to argue with, or to what end. He

does not deny—indeed, he asserts—that he knew when he pleaded no contest that

there was evidence that the bicycle was worth less than $500. He therefore

cannot complain that concealment of evidence from him by his counsel resulted in

his plea not being knowing. And he does not explain why his counsel should

have argued to the trial court that the evidence was insufficient. Certainly his

counsel had no duty to try to undermine the plea agreement that Applicant had

knowingly and intelligently entered by making such an argument. No reasonable

jurist could debate the merit of this ineffective-assistance contention.

Second, Applicant contends that his counsel should have argued that his

plea was not knowing and voluntary because of his alcoholism, drug addiction,

and mental illness. But no reasonable jurist could dispute the federal district

court's denial of the claim based on its review of the state-court record.

Applicant confirmed the voluntariness of his plea at the September 2009 hearing.

The state district court's order denying Applicant's state habeas petition says that

it "would have rejected the plea agreement if there was evidence that [Applicant]

was not competent to enter a plea" and that "[t]here was not such evidence" in the

report on the 60-day evaluation by the state corrections department. R., Vol. 1 at

203. This finding is entitled to deference under 28 U.S.C. § 2254(e)(1).

Although Applicant has referred to his alcoholism, drug abuse, and mental illness

(bipolar disorder and borderline personality disorder), he has presented nothing

that would show incompetence to plead guilty. In the absence of such evidence, he cannot prevail on a claim that his counsel was ineffective for not arguing incompetence. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (conclusory allegations are insufficient to support an ineffective-assistance-of-counsel claim).

Third, Applicant contends that his counsel failed to mention the results of his diagnostic evaluation to the state court at the September 2009 hearing. As already mentioned, however, the state court said in its order denying habeas relief that it had reviewed the evaluation report before the sentencing. Applicant does not explain how he was prejudiced by his attorney's alleged failure to mention the report.

Fourth, Applicant contends that his counsel should have filed a motion to remove the prosecutor. He alleges that the prosecutor was biased against him because Applicant had been a defense witness in an unrelated case and that the prosecutor's decision to charge Applicant's petty crimes as commercial burglary and larceny constituted vindictive prosecution. On the first allegation the state court ruled that a defendant "does not have a right to a prosecutor that has no previous knowledge of [him]," and therefore the ineffective-assistance claim lacked merit. R., Vol. 1 at 203. No reasonable jurist could debate that decision. And the second allegation fails because there would have been no merit to a claim in state court that the prosecutor's charging decisions constituted vindictive

action.  Rather than being so out-of-bounds as to imply vindictiveness, the prosecutor's charging decisions and plea agreements appear reasonable, and even lenient.

## III.  CONCLUSION

Because no reasonable jurist could debate the ruling of the district court, we DENY the application for a COA and DISMISS the appeal.  We also DENY Applicant's Motion to Order Release of Pre-Sentence Psychiatric Order because we have no authority to issue a writ of mandamus to a state court.  *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge