NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 6, 2016
Decided October 31, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1541

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 15-CR-47 |
| COREY MITCHELL, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Corey Mitchell appeals his convictions for armed bank robbery and using a firearm during a "crime of violence," in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 924(c)(1)(A)(i). He would like this court to consider his argument that armed bank robbery is no longer a crime of violence for purposes of § 924(c), in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). We decline to do so, however, because Mitchell waived his right to contest the § 924(c) conviction.

Given that waiver, our discussion of the facts can be brief. Mitchell entered a bank in Milwaukee, gave a teller a written demand for cash, and showed her a revolver. He made off with about $1,400 and was apprehended minutes later. In response to

questions from the police, Mitchell admitted he had robbed the bank and possessed the gun, but he alleged that he left the gun in his car while he was inside the bank.

Mitchell was charged with armed bank robbery, see § 2113(a), (d), and with brandishing a firearm during a crime of violence, see § 924(c)(1)(A)(ii). Three months later the Supreme Court held that the Armed Career Criminal Act's "residual clause," found in § 924(e)(2)(B)(ii), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Mitchell then moved to dismiss the § 924(c) charge, arguing that (1) the similarly worded residual clause in § 924(c)(3)(B) also is unconstitutionally vague, and (2) his predicate offense does not satisfy the "elements clause" of § 924(c)(3)(A) because a person can commit bank robbery without using or threatening to use violent, physical force. In denying Mitchell's motion, the district court acknowledged that a defendant can violate § 2113(a) by obtaining money from a federally insured bank "by force and violence, or by intimidation," but the court rejected Mitchell's argument that "intimidation" for purpose of the statute could be proven with non-physical threats alone. And since the court concluded that Mitchell's conviction for bank robbery satisfied § 924(c)(3)(A), the court declined to address whether § 924(c)(3)(B) is unconstitutionally vague.

Mitchell then pleaded guilty to armed bank robbery, § 2113(a), (d), and to having "used"—as opposed to "brandished"—a firearm during a crime of violence. *See* § 924(c)(1)(A)(i–ii). His plea agreement states that he "acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion." The district court accepted Mitchell's guilty plea and sentenced him to a total of 72 months' imprisonment.

On appeal Mitchell presses his argument that armed bank robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c). The government counters that Mitchell waived his objection to the § 924(c) charge by pleading guilty and signing the plea agreement. Mitchell's only response to that is an assertion that his argument "is, at its core, a jurisdictional challenge" and thus cannot be waived. As Mitchell sees it, if armed bank robbery is not a crime of violence then "the district court wasn't simply wrong to adjudicate him guilty of that count—it in fact lacked jurisdiction to hear such a charge."

Mitchell's effort to characterize his objection to the § 924(c) conviction as a jurisdictional challenge goes nowhere. "Jurisdiction" refers to the "the courts' statutory or constitutional *power* to adjudicate the case," *United States v. Cotton*, 535 U.S. 625, 629–31 (2002), as opposed to its authority to issue a particular type of relief, see *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015). The district court's jurisdiction in this case rested on 18 U.S.C. § 3231, which authorizes district courts to adjudicate cases involving

"all offenses against the laws of the United States." That describes this case to a "T." Mitchell's argument that the district court erred in applying § 924(c) raises only a question of statutory interpretation. See *Taylor v. Gilkey*, 314 F.3d 832, 834 (7th Cir. 2002) (recognizing that mere legal errors "do not imply lack of jurisdiction").

We add for the sake of completeness that even without the formal waiver, Mitchell's appeal is doomed. "An unconditional plea of guilty operates as a waiver of all formal defects in the proceedings … that occurred before the plea was entered." *Gomez v. Berge,* 434 F.3d 940, 942 (7th Cir. 2006); see generally *United States v. Broce*, 488 U.S. 563, 571 (1989) (guilty plea relinquishes right to challenge theory of indictment). That means that even if Mitchell's plea agreement did not contain a valid, enforceable waiver provision, we would still find that he waived his right to challenge the § 924(c) conviction.

AFFIRMED.