In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2753

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DANIEL O. LOCKETT,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:14-CR-30075-DRH-1 — **David R. Herndon**, *Judge.*

ARGUED JANUARY 10, 2017 — DECIDED JUNE 9, 2017

Before WOOD, *Chief Judge*, and ROVNER and HAMILTON,
*Circuit Judges*.

HAMILTON, *Circuit Judge*. Appellant Daniel Lockett asks us
to decide whether simultaneous possession of two illegal
drugs is one crime or two for Double Jeopardy Clause pur-
poses. Lockett was caught in simultaneous possession of co-
caine and heroin. He pled guilty to two counts of possession
with intent to distribute a controlled substance, and was sen-

tenced on those counts before anyone noticed a potential dou-
ble jeopardy issue. On appeal he argues that as a result, his
plea was unknowing and his sentence violated the Double
Jeopardy Clause. Neither point was raised in the district
court. Lockett's failure to raise the double jeopardy objection
before pleading guilty waived that challenge, and we review
the closely related challenge to the plea itself only for plain
error. We find no plain error on that issue and thus affirm
Lockett's convictions and sentence.

I. *Factual and Procedural Background*

Daniel Lockett was arrested while carrying a bag contain-
ing individually wrapped bags of heroin and cocaine. He was
indicted for and pled guilty to two counts of possession with
intent to distribute a controlled substance in violation of 21
U.S.C. § 841(a)(1)—one count for the heroin and one for the
cocaine. Because of prior felony drug offenses, the advisory
Sentencing Guidelines classified Lockett as a career offender.
The district court accepted that advice and sentenced Lockett
to 151 months in prison.

II. *Analysis*

Lockett's central argument is that his simultaneous posses-
sion of two controlled substances was only one crime, not
two. He seeks to apply that point in two ways. First, he argues
that he was punished twice for the same crime in violation of
the Fifth Amendment's Double Jeopardy Clause and that the
appropriate remedy is a full resentencing. Second, he argues
that because he did not know about the multiplicity issue
when he pled guilty, his plea was not knowing and his con-
victions should be vacated.

A. *Lockett's Sentencing*

The government contends that Lockett waived his multiplicity challenge by (1) pleading guilty and (2) failing to file a pretrial motion. Lockett's guilty plea did not waive this challenge, but the lack of a pretrial motion did. We therefore do not reach the merits of Lockett's first argument.

1. *No Waiver by Guilty Plea*

In general, "an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings." *Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006). But double jeopardy violations are exceptions to that general rule if the "record alone" can establish them. *Robinson v. United States*, 196 F.3d 748, 751 (7th Cir. 1999), *readopted in relevant part on remand*, 6 F. App'x 359 (7th Cir. 2001), citing *United States v. Broce*, 488 U.S. 563, 576 (1989).[1] Lockett argues from "the record alone," specifically, the indictment and the stipulation of facts. Cf. *United States v. Makres*, 937 F.2d 1282, 1286 (7th Cir. 1991) (no facial double jeopardy violation where defendant requested evidentiary hearing to develop argument). That argument might be wrong—the government's waiver argument collapses quickly into arguing that it is—but his guilty plea did not waive it.

---

[1] The government asserts that the defect must be present on the face of the indictment, citing *United States v. Baugh*, 787 F.2d 1131, 1132 (7th Cir. 1986). Although the *Baugh* court had no need to consider materials other than the indictment, we are not required to limit our review so narrowly. See *Robinson*, 196 F.3d at 752 (relying on both indictment and stipulated statement of facts).

### 2. *Waiver by Lack of Pretrial Motion*

Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) requires a defendant to raise a multiplicity objection to an indictment "by pretrial motion if the basis for the motion is then reasonably available." Lockett did not raise his multiplicity concern by pretrial motion. In fact, he never raised it in the district court.

Lockett addresses the waiver problem by distinguishing between objecting to the form of the indictment and objecting to his sentence. He says he is making the latter objection, which is not governed by Rule 12(b). That distinction has been recognized by the Fifth, Sixth, and Eleventh Circuits, which hold that defendants need not raise multiplicity challenges before trial. See *United States v. Abboud*, 438 F.3d 554, 566–67 (6th Cir. 2006), citing *United States v. Rosenbarger*, 536 F.2d 715, 721–22 (6th Cir. 1976); *United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir. 1984), citing *United States v. Bradsby*, 628 F.2d 901, 906 (5th Cir. Unit A 1980); *United States v. Cauble*, 706 F.2d 1322, 1334–35 (5th Cir. 1983), citing *Bradsby*, 628 F.2d at 905–06. But in *United States v. Griffin*, 765 F.2d 677, 680–81 (7th Cir. 1985), we joined with the First, Second, and Eighth Circuits and held otherwise. Lockett's multiplicity objection was therefore untimely. Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.").

If Lockett had made an untimely objection in the district court, he might still have shown good cause and asked the district court to consider the argument anyway. "[A] court may consider the … [untimely] objection … if the party shows good cause." *Id.* He did not do so. He might also have asked us to consider whether, "if a motion for relief had been made

and denied, the district court would have abused its discretion in concluding that the defense lacked good cause." *United States v. Acox*, 595 F.3d 729, 732 (7th Cir. 2010) ("[T]hat the good-cause decision is committed to the district court … need not preclude all possibility of relief when trial counsel never tries to show good cause."). Again he did not. We therefore do not conduct even plain error review of Lockett's sentence. *Id.* at 731 ("Before a court of appeals can reach the plain-error question, a defendant must first establish good cause for the absence of a pretrial motion."). But these procedural problems would not matter in the long run. Even if plain error review were available, Lockett's double jeopardy challenge to his sentence would not succeed. It rests on the same argument as his challenge to his guilty plea. As we explain next, permitting conviction on the two counts was not a plain error.

### B. *Lockett's Guilty Plea*

Lockett contends that his guilty plea was not knowing and voluntary because he was led to believe he had committed two crimes when he had committed only one.[2] Because he did not challenge the validity of his plea in the district court, he agrees, our review is for plain error. *United States v. Pineda-Buenaventura*, 622 F.3d 761, 770 (7th Cir. 2010). An error can be

---

[2] Lockett's briefing occasionally implies that his plea was unknowing because he thought he was pleading to possession with intent to distribute the cocaine but only possession of the heroin. The heroin, he says, was for personal use. If this is his argument, the record does not support it. He showed no confusion at his plea hearing, where the judge's questions were quite clear. In a letter Lockett wrote to the district judge after sentencing, he did not say that he did not mean to plead guilty to the heroin distribution charge, only that he did not understand how the difference between possession and distribution would matter at sentencing.

plain only if it is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

It is not "clear or obvious" that Lockett committed only one crime. At least seven circuits have held in precedential opinions that simultaneous possession of two drugs is two crimes; no circuits have held otherwise. *United States v. Vargas-Castillo*, 329 F.3d 715, 717, 722 (9th Cir. 2003) (separate charges for different drugs found at the same time inside the same tire not multiplicitous); *United States v. Richardson*, 86 F.3d 1537, 1552–53 (10th Cir. 1996) (separate charges for cocaine and methamphetamine found in same bag not multiplicitous), *abrogated on other grounds as recognized in United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998); *United States v. Bonilla Romero*, 836 F.2d 39, 46–47 (1st Cir. 1987) (rejecting argument that "heroin and cocaine … found in one bag at the same time and place" constitutes a single violation of 21 U.S.C. § 841(a)(1)); *United States v. DeJesus*, 806 F.2d 31, 35–37 (2d Cir. 1986) (rejecting argument that "Congress did not intend to authorize cumulative penalties … for the simultaneous possession of different drugs"); *United States v. Grandison*, 783 F.2d 1152, 1156 (4th Cir. 1986) ("Congress intended the possession of each scheduled substance to be a separate offense … ."); *United States v. Davis*, 656 F.2d 153, 159 (5th Cir. Unit B Sept. 1981) ("When Congress set penalties for possession of 'a controlled substance,' it intended to permit trial courts to penalize possession of 'each' controlled substance."); *United States v.*

*Pope*, 561 F.2d 663, 669 (6th Cir. 1977) ("[T]he possession of heroin and methadone represent separate offenses … .").[3]

We reached nearly the same conclusion in *Griffin*, 765 F.2d at 682–83. In that case, the defendant was arrested with a bag of cocaine on his person and a package of cocaine in his car some distance away. *Id.* at 682. We rejected a multiplicity challenge to separate counts for each container, noting that the differences in purity, quantity, and location made possession of the two containers separate crimes. *Id.* at 683. *Griffin* is not precisely on point—there was no difference in location between the two drugs here—but the opinion's language indicated that purity differences alone would have been sufficient. *Id.* at 681.

Lockett also cites our decision in *United States v. Powell*, 894 F.2d 895, 898–99 (7th Cir. 1990), in which we held that separate charges for conspiracies to distribute cocaine and methamphetamine were multiplicitous, at least where the evidence showed the same people were involved with both drugs at the same time and even in the same transactions. The issue in *Powell* was the scope of the alleged conspiracies, though, not the possession of separate drugs, and its analysis does not carry over to possession charges, and certainly not so clearly as to support a finding of plain error.

Lockett argues that we should break from existing case law. Many of the decisions authorizing separate charges reasoned from the need to permit judges to sentence in a more flexible and individualized way, a need since addressed by

---

[3] The Eleventh Circuit followed *Davis* in a non-precedential decision. *United States v. Thompson*, 171 F. App'x 823, 829 n.2 (11th Cir. 2006) (per curiam).

adoption of the first mandatory and later advisory Sentencing Guidelines, which account for crimes involving multiple drugs through the use of "marihuana equivalents." See U.S.S.G. § 2D1.1, App. Note 8; cf. *Davis*, 656 F.2d at 159 (arguing that punishing simultaneous possessions as one crime would limit judges to "the punishment set by statute for possession of only one drug"); *United States v. Johnson*, 25 F.3d 1335, 1336–37 (6th Cir. 1994) (noting that most multiplicity challenges in simultaneous possession cases predate Guidelines, and leaving "to another occasion the question of whether *Pope* should be overruled"). Lockett also points to the text of § 841(a), which prohibits possessing "a controlled substance" without separately specifying each drug type.

Lockett makes a reasonable argument. To show a plain error, though, he must show not only that his argument is reasonable but that it is clearly ("plainly") correct. An argument that conflicts with seven circuits' case law and is in tension with our own does not meet that standard.

The judgment of the district court is AFFIRMED.