In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1168

ANDREW L. JACKSON,

*Petitioner-Appellant,*

*v.*

BYRAN BARTOW,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 17-CV-17 — **Nancy Joseph**, *Magistrate Judge.*

SUBMITTED JULY 9, 2019 — DECIDED JULY 23, 2019

Before KANNE, HAMILTON, and SCUDDER, *Circuit Judges.*

PER CURIAM. A Wisconsin trial court denied Andrew L.
Jackson's request to represent himself at trial, and Jackson
later pleaded guilty. He seeks a writ of habeas corpus under
28 U.S.C. § 2554, arguing that Wisconsin unreasonably ap-
plied Supreme Court precedent involving the Sixth
Amendment right for competent defendants to represent
themselves at trial. The district court agreed with Jackson
that the Wisconsin trial court erred in ruling that he could

not represent himself at trial, but it nonetheless denied his petition. It correctly concluded that under *Gomez v. Berge*, 434 F.3d 940 (7th Cir. 2006), Jackson waived his right to challenge that earlier ruling when he later entered an unconditional, knowing, and voluntary guilty plea. Therefore, we affirm.

## I. BACKGROUND

Jackson faced serious charges in Wisconsin state court, and the court appointed a lawyer for him. Prosecutors accused him of throwing boiling oil at his wife, knifing her in front of their children, and later, threatening her from prison. At a hearing in January 2012, Jackson asked the judge to remove his counsel. He complained that counsel had withheld discovery and met with him too late in the proceedings to adequately discuss strategy. The court granted the motion. At the same time, the court barred Jackson from communicating with anyone but his attorney of record because of his threatening phone calls to his wife.

After the court appointed another lawyer, that lawyer reported that Jackson also asked him to withdraw. Jackson complained that he had not yet received some discovery materials and that counsel had no faith in him. The court ruled that these reasons were inadequate and refused to appoint a third lawyer. The judge allowed Jackson to seek a private attorney so long as he adhered to the restrictions on his outside communications.

Jackson told the trial judge that he wanted to represent himself, but the judge denied that request. He said that he would consider Jackson's request only if Jackson was "capable of and ready and prepared" to represent himself, but it

was "not a given [he] could do it." Months later, the court returned to Jackson's request. It stressed the complexity of the case, explaining that it would not trust someone with under five years of defense experience to represent Jackson and warning that Jackson "can't do this." Jackson still insisted that he could. The court ultimately denied Jackson's request. It reasoned that Jackson was "clearly incompetent … to present a case of this complexity" and lacked "the ability[…], the training, the knowledge, and the time to properly prepare it."

Jackson pleaded guilty a few days later to two counts of felony intimidation of a witness, one count of first-degree reckless injury, and one count of aggravated battery. He received a prison sentence of 20 years. Jackson filed a post-conviction petition in Wisconsin, seeking to withdraw his guilty plea on the ground that he was denied his right to self-representation at trial. The post-conviction court denied his motion. Jackson appealed, but the Wisconsin Court of Appeals affirmed, reasoning that Jackson "did not sufficiently understand the complexity of his trial or the law concerning the charges against him." He petitioned the Wisconsin Supreme Court, but it denied review.

Jackson's next step was a federal petition for a writ of habeas corpus. In it, he argues that Wisconsin unreasonably applied Supreme Court precedent by affirming the denial of his request to represent himself at trial. (He does not claim that he had a right to self-representation at his guilty plea, or that, because unwanted counsel represented him at his guilty plea, his plea was not knowing and voluntary.) He stresses that, because he was competent to plead guilty, he was competent to represent himself at trial.

Presiding by consent, a magistrate judge denied the petition. She explained that, even though the Wisconsin appeals court had unreasonably applied Supreme Court precedent on the Sixth Amendment right to self-representation at trial, Jackson waived the error by validly pleading guilty. Under *Gomez v. Berge*, 434 F.3d 940 (7th Cir. 2006), his valid guilty plea waived any defects in the proceedings before the plea, including any Sixth Amendment violation.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act governs our review of Jackson's petition. As relevant here, the Act allows habeas relief only if the decision of the Wisconsin Court of Appeals, the last state court to address Jackson's claim, was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Echoing the district court, Jackson argues that, by refusing to let him represent himself at trial, the Wisconsin Court of Appeals unreasonably applied *Faretta v. California*, 422 U.S. 806 (1975). In *Faretta*, the Supreme Court held that under the Sixth Amendment, defendants have the right to represent themselves at trial so long as they competently choose to do so. 422 U.S. at 807.

Jackson is correct: the Wisconsin Court of Appeals unreasonably applied *Faretta* when it affirmed the trial court. The appellate court based its decision solely on Jackson's knowledge deficits (he did not know "the law" or the trial's "complexity"), not mental health problems (which he did not have). By relying on Jackson's lack of skill, the appellate court's decision was contrary to and an unreasonable application of *Faretta*. As we recently explained in *Tatum v. Foster*,

> *Faretta* protects the right of a criminal defend-
> ant to make this (usually) self-defeating choice
> [of self-representation]. By failing to recognize
> that the Supreme Court's *Faretta* line of cases
> focus only on competence as it relates to men-
> tal functioning, and forbids the consideration
> of competence in the sense of accomplishment,
> the Wisconsin courts reached a result that is
> contrary to, as well as an unreasonable applica-
> tion of, the Supreme Court's rulings.

847 F.3d 459, 469 (7th Cir. 2017).

This error, however, does not entitle Jackson to relief if he validly waived his right to contest it. *See Ward v. Hinsley*, 377 F.3d 719, 725–26 (7th Cir. 2004). The magistrate judge ruled, and the state maintains on appeal, that Jackson's guilty plea waives his claim of any error. Jackson offers two responses, but neither is persuasive.

Jackson's first response is that the State may not assert waiver because it did not raise waiver as an affirmative defense in its answer to Jackson's federal petition. *See* FED. R. CIV. P. 8(c). But the district court and this court may raise Jackson's waiver sua sponte, as Jackson admits. *See, e.g.*, *Gomez*, 434 F.3d at 942; *Gomez v. Berge*, 2004 WL 1852978, at *2 (W.D. Wis. Aug. 18, 2004). And the district court gave Jackson an opportunity to address the defense, so he has not been prejudiced by its omission from the answer. The defense is thus properly before this court.

Jackson's second argument is equally unavailing. He contends that the district court improperly relied on *Gomez* to rule that he waived any error. *Gomez* held that "an uncondi-

tional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered." 434 F.3d at 942. Gomez made a no-contest plea, and we ruled that this plea precluded him from "contesting the trial court's determination that he was not competent to represent himself at trial." *Id*. at 943. We have reiterated *Gomez* several times in recent years. *See, e.g.*, *United States v. Lockett*, 859 F.3d 425, 427 (7th Cir. 2017); *United States v. Stoller*, 827 F.3d 591, 594 (7th Cir. 2016); *Hurlow v. United States*, 726 F.3d 958, 966 (7th Cir. 2013).

Jackson's case is identical to *Gomez*. Both Gomez and Jackson were indicted in Wisconsin state court; both were denied the right to self-representation at trial; both later entered pleas in lieu of going to trial (Gomez pleaded no contest, and Jackson pleaded guilty); and both petitioned for a federal writ of habeas corpus based on the denial of the right to self-representation. But because their pleas waived any claim about pre-plea errors, neither received federal relief. Under *Gomez*, Jackson must lose.

To avoid this result, Jackson argues that *United States v. Smith*, 618 F.3d 657 (7th Cir. 2010), supersedes *Gomez*. *Smith* was a direct appeal. It vacated a guilty plea that a defendant entered after the district court refused to allow him to replace one attorney with another. According to Jackson, *Smith* applied a new rule: an unconstitutional denial of a defendant's choice of counsel is a "structural error" that "brings into question the voluntary and intelligent character of the guilty plea itself." 618 F.3d at 663 (quotations omitted). Jackson contends that, under *Smith*, his denial of self-representation is also a structural error that similarly

overcomes the defense that he waived it by pleading guilty. Jackson's argument fails, and *Gomez* controls, for three reasons.

First, Jackson incorrectly asserts that *Smith* espoused a new rule about structural errors in the context of self-representation. It is true that in *Smith* this court observed that in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), the Supreme Court held for the first time that the denial of a defendant's choice of counsel is structural and not subject to harmless-error review. *Smith*, 618 F.3d at 663 (citing *Gonzalez-Lopez*, 548 U.S. at 148). But *Gonzalez-Lopez* also noted that the wrongful denial of the right to self-representation at trial has been considered a structural defect since at least 1984. 548 U.S. at 149. ("[Structural] errors include … the denial of the right of self-representation … .") (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177–78, n.8 (1984)). So, when this court decided *Gomez* in 2006, it knew that the erroneous denial of self-representation at trial was a structural defect—yet it enforced the guilty-plea-waiver rule anyway. Thus, *Smith* did not create a new rule about self-representation that supersedes *Gomez*.

Second, the consequence of a "structural" error is that it is not subject to harmless-error review, *see Gonzalez-Lopez*, 548 U.S. at 148; but such errors can still be waived. Doctrines of default and waiver are grounded in federalism and comity, so they apply on federal habeas review even if the "claim raised before the federal habeas court is one of structural error." *Ward*, 377 F.3d at 725–26; *United States v. Gaya*, 647 F.3d 634, 640 (7th Cir. 2011) (explaining that "there is no reason to exempt 'structural errors'" from waiver). Nothing in *Gonzalez-Lopez* or *Smith* suggests that a defendant like Jackson

cannot knowingly and voluntarily waive his claim of a prior structural error by validly pleading guilty.

Third, *Smith* is consistent with *Gomez*. *Smith* vacated the defendant's guilty plea because we decided that the denial of his counsel of choice at trial called into question his plea's voluntariness. *See* 618 F.3d at 663, 667. Here, Jackson does not claim in his petition in the district court (nor does he argue in this court) that, because the trial court would not let him represent himself at trial, his counseled guilty plea was unknowing or involuntary. To the contrary, Jackson's petition appears to imply that his guilty plea was valid—he argues that he was competent to represent himself at trial precisely because he was "competent" to plead guilty. By not raising that claim in the district court, Jackson did not develop an argument or record on the voluntariness of his plea, and the district court had no chance to assess the argument or the State's responses to it. Therefore, Jackson has forfeited that claim for review in this court. *Frazier v. Varga*, 843 F.3d 258, 262 (7th Cir. 2016). ("Regardless of whether a habeas claim was fairly presented or defaulted in the state courts, if an argument was not presented to the federal district court, it is forfeited in this court.") Without a preserved claim that his guilty plea was unknowing or involuntary, *Smith* is inapposite and *Gomez* demonstrates that Jackson's plea waived any prior errors in the state trial court.

AFFIRMED