# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2029

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
Jeffrey J. Limley,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　*

_____

Submitted: December 13, 2007
Filed: December 27, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jeffrey J. Limley pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1). Now he appeals his conviction, claiming error in the district court's[1] refusal to grant him a hearing in an effort to void the search warrant that led to his indictment. We affirm because his guilty plea waived all non-jurisdictional defects and defenses.

_____

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

In June and July of 2005, a confidential informant made four controlled purchases from Limley of a substance that appeared to be methamphetamine. Based on this information, Omaha police officers applied for and obtained a warrant to search Limley's place of business. On October 13, 2005, the officers executed the search warrant and found 48 grams of methamphetamine. A grand jury indicted Limley with five counts of distribution and possession of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Laboratory tests later showed that the substance bought by the confidential informant had no detectable traces of methamphetamine. Limley requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), in an effort to void the search warrant due to false statements or omissions in the warrant application. In the motion, he alleged that the informant was not searched prior to the controlled buy on June 3, 2005, and that other controlled buys from Limley were attempted but failed. At a motions hearing, Limley's counsel explained that the basis for his request for a Franks hearing was that the officer who applied for the search warrant had asserted that the substance was "suspected methamphetamine," but had not confirmed those suspicions with a field test.

The magistrate judge[2] found that Limley's arguments went to whether there was probable cause, not whether the officer made false statements or recklessly disregarded the truth. Finding that Limley failed to make an adequate showing under Franks, the magistrate judge denied Limley's request for an evidentiary hearing and denied his motion to suppress because the warrant was facially sufficient and presumptively valid. The district court adopted the magistrate's report and recommendation in its entirety.

---

[2] The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

On January 24, 2007, Limley entered into an agreement with the United States whereby he would plead guilty to Count V, possession with intent to distribute methamphetamine, and the United States would dismiss the other four counts. Paragraph 6 of the plea agreement states:

> The defendant hereby retains all rights to appeal the defendant's conviction in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against defendant, including review pursuant to 18 U.S.C. § 3742 of any sentence imposed and any and all issues inhering therein.

Five days later, Limley appeared before the district court to enter his new plea.

At the change of plea hearing, the district court advised Limley of his rights as required by Rule 11(b) of the Federal Rules of Criminal Procedure. In particular, the district court asked:

> Do you understand that if I accept your plea of guilty, you waive or give up your right to challenge the manner in which the government obtained its evidence against you in this case, for example, the manner in which you were questioned or searched for evidence?

After an off-record discussion with his counsel, Limley responded, "Yes, I understand. I'm sorry." On April 16, 2007, the district court accepted Limley's plea agreement and sentenced him to 84 months of imprisonment. Limley brings this appeal to challenge the denial of his motion for a Franks hearing.

A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses. United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005). If a defendant wishes to preserve his right to appeal, he should enter a conditional plea of guilty, "reserving in writing the right to have an appellate court review an adverse

determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2); United States v. Stewart, 972 F.2d 216, 217 (8th Cir. 1992).  Rule 11(a)(2) was adopted in 1983 to allow the government, the courts, and the defendant to avoid "go[ing] through an entire trial simply to preserve the pretrial issues for later appellate review."  Fed. R. Crim. P. 11 advisory committee's note (1983 amend.).  This rule requires a writing to "identify precisely what pretrial issues have been preserved for appellate review."  Id.

A conditional plea must be approved by the court and consented to by the government.  Fed. R. Crim. P. 11(a)(2).  Because pleas are presumptively unconditional, the record should demonstrate that Rule 11(a)(2) has been fulfilled before a court of appeals determines that the plea was conditional.  United States v. Bell, 966 F.2d 914, 916-17 (5th Cir. 1992).  The general rule is that conditions to a plea should not be implied—a defendant does not get the benefit of the doubt when the record is silent.  United States v. Bundy, 392 F.3d 641, 645 (4th Cir. 2004); United States v. Bell, 350 F.3d 534, 536 n.2 (6th Cir. 2003).

Although the plea agreement vaguely states that Limley "retains all rights to appeal," this language is inconsistent with the balance of the plea agreement and the colloquy with the district court.  Taken as a whole, the written plea agreement does not manifest an intent by the parties to enter into a conditional plea and preserve the specific issue of the Franks hearing for appeal.  See Bundy, 392 F.3d at 645.  Nothing in the record overcomes the presumption that Limley's guilty plea was unconditional. Consequently, Limley has waived his right to appeal the denial of his pre-trial motion for a Franks hearing.

The judgment of the district court is affirmed.

_____