# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3673

———————

United States of America,

          Appellee,

v.

James Archambault, also known as
James Skunk,

          Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*  [UNPUBLISHED]
\*
\*

———————

Submitted: August 5, 2011
Filed: September 16, 2011

———————

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

James Archambault was charged with knowingly mailing threatening communications, in violation of 18 U.S.C. § 876(c). After having been appointed his third successive attorney, Archambault moved to represent himself. The magistrate judge[1] advised Archambault of the hazards and disadvantages of self-representation, found that Archambault knowingly and voluntarily waived his right to counsel, permitted him to proceed pro se, and ordered his third attorney to serve as standby

_____

[1]The Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

counsel. On the day of trial, Archambault decided to plead guilty, and the district court[2] accepted his plea after questioning him in compliance with Federal Rule of Criminal Procedure 11. The court sentenced him to 77 months in prison, at the bottom of the undisputed advisory Guidelines range. Proceeding pro se on appeal, Archambault argues that he should have been allowed to justify his actions to a jury, that he was denied the right to subpoena witnesses, that he had ineffective assistance of counsel, and that his sentence was unjust.

We conclude that Archambault knowingly and voluntarily pleaded guilty, and thus waived his right to appeal all non-jurisdictional issues, including all issues related to what defenses and witnesses he would have presented had his case gone to trial. See United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007). We further conclude that the district court did not commit procedural error or abuse its discretion in imposing the sentence. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We decline to review Archambault's ineffective-assistance claim. See United States v. Bauer, 626 F.3d 1004, 1009 (8th Cir. 2010).

Accordingly, we affirm the judgment and deny Archambault's motion to stay this appeal.

——————————————————————

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation in the District of South Dakota.