# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2485
_____

United States of America

*Plaintiff - Appellee*

v.

Jacinto Frias-Gonzales

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 6, 2015
Filed: January 8, 2015
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jacinto Frias-Gonzales directly appeals after he pled guilty to a drug-related offense and the district court[1] sentenced him to a prison term within his calculated

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Guidelines range. Defense counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of Frias-Gonzales's sentence. Frias-Gonzales has filed a pro se supplemental brief, also challenging his sentence and additionally challenging the validity of his guilty plea. Moreover, he has moved for appointment of a new attorney.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Frias-Gonzales, see United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (describing appellate review of sentences), and that Frias-Gonzales's additional pro se arguments are unavailing, see United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) (valid guilty plea is admission of guilt that waives all non-jurisdictional defects and defenses); United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006) (pro se claim that guilty plea was not knowing and intelligent was not cognizable on direct appeal where defendant did not attempt to withdraw guilty plea in district court). Furthermore, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw, subject to counsel informing Frias-Gonzales about procedures for seeking rehearing or filing a petition for certiorari. We also deny Frias-Gonzales's motion for appointment of a new attorney.

_____