# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1803

_____

United States of America

*Plaintiff - Appellee*

v.

Glen Baughman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: February 26, 2015
Filed: March 30, 2015
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Glen Baughman directly appeals after he pled guilty to charges related to production of child pornography, and the district court[1] sentenced him to a term of

_____

[1] The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

imprisonment within the calculated Guidelines range. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Baughman's sentence is substantively unreasonable. Baughman has filed a pro se brief, essentially arguing that his guilty plea was invalid and that his counsel was ineffective.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Baughman. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (describing appellate review of sentences); see also United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the 18 U.S.C. § 3553(a) factors . . . ."). The sentence imposed is undoubtedly long, but Baughman has failed to show the district court "committed any procedural errors, failed to consider any relevant § 3553(a) factor, or improperly considered any irrelevant factor." United States v. Starr, 533 F.3d 985, 1003 (8th Cir. 2008). We also decline to consider Baughman's pro se arguments. See Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006) (involuntary-plea claim must be presented first to district court, otherwise claim is not cognizable on direct appeal); United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005) (except where district court has developed appropriate record or plain miscarriage of justice would occur, court of appeals ordinarily will not consider ineffective-assistance claims on direct appeal); see also United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) ("A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses.").

Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Baughman about procedures for seeking rehearing or filing a petition for certiorari.

_____