# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 14-3162

———————————————

United States of America

*Plaintiff - Appellee*

v.

Roger Bates

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

——————————

Submitted: June 8, 2015
Filed: June 18, 2015
[Unpublished]

——————————

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Roger Lynn Bates pled guilty to two counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The district court[1] imposed the

_____

[1]The Honorable P.K. Holmes III, Chief Judge, United States District Court for the Western District of Arkansas.

maximum 720 months' imprisonment.  Bates appeals, claiming his sentence is substantively unreasonable.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Bates asserts no procedural error.  *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), *quoting Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing court "must first ensure that the district court committed no significant procedural error. . . .").  This court reviews the substantive reasonableness of the sentence for an abuse of discretion.  *See Gall*, 552 U.S. at 51.  An abuse of discretion occurs if the district court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  *Feemster*, 572 F.3d at 461.

The presentence investigation report (PSR) calculated a total offense level of 49, making life imprisonment the Guidelines range.  The PSR explained, however, that because the statutory maximum (360 months per count) is less than life imprisonment, the statutory maximum sentence of 720 months becomes the Guidelines sentence.

Bates argues that the district court abused its discretion by imposing a 720-month sentence.  He invokes a Seventh Circuit case upholding a below-Guidelines sentence as within the district court's discretion to vary "based on a *policy* disagreement."  *See United States v. Price*, 775 F.3d 828, 840 (7th Cir. 2014), *quoting Spears v. United States*, 555 U.S. 261, 264 (2009).  This case neither controls nor is apposite enough to prove an abuse of discretion here.  Because the statutory maximum (the Guidelines range) may be presumed reasonable, this court defers to the district court.  *See United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (stating that when the bottom of the advisory Guidelines sentencing range is above

-2-

the statutory maximum sentence, "the statutory maximum sentence is presumed reasonable").

Bates also asserts a sentencing disparity, claiming perpetrators of more egregious crimes have received similar sentences, citing *United States v. Demeyer*, 665 F.3d 1374, 1374-75 (8th Cir. 2012) (per curiam).  Bates did not raise this issue at sentencing, but the district court noted:  "The court must also impose a sentence that avoids unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See United States v. Baughman*, 597 Fed. Appx. 899, 899-900 (8th Cir. 2015) (per curiam) (upholding the statutory maximum 720-month sentence for a two-count conviction of child-pornography production, rejecting the defendant's claim that his crime was not as serious as other child pornography offenses).  The district court properly considered and weighed the § 3553(a) factors. *See United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____