# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1649

_____

United States of America

*Plaintiff - Appellee*

v.

Andre G. Dewberry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Western Division

_____

Submitted: January 16, 2019
Filed: August 27, 2019

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Andre Dewberry pled guilty to being a felon in possession of a firearm. As required by the binding plea agreement, the district court[1] sentenced Dewberry to 60 months of imprisonment. Dewberry appeals, arguing he was denied his Sixth

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Amendment right to self-representation. We hold he waived the challenge by pleading guilty and accordingly affirm the judgment.

## I. Background

In January 2015, the Kansas City, Missouri Police Department stopped a vehicle driven by Dewberry, who was a convicted felon. Police observed Dewberry exit the vehicle and toss a black handgun underneath. Police recovered a pistol from under the car.

A grand jury indicted Dewberry on one charge of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court appointed a public defender to represent Dewberry. Eventually, Dewberry requested permission to proceed pro se. The magistrate judge granted Dewberry's request and appointed the same public defender as standby counsel. Dewberry later moved to have the district court appoint substitute counsel. The district court denied the motion, giving Dewberry three options: (1) continue to represent himself; (2) hire a new attorney; or (3) request that the public defender resume representation.

During a pretrial conference held days before the scheduled trial, after some back and forth with Dewberry regarding an evidentiary issue as it related to Dewberry's defense strategy, the district court terminated Dewberry's pro se representation and reappointed the public defender as counsel. Dewberry voiced his objection to the reappointment.

Before trial, Dewberry pled guilty to the charge in a plea agreement. The plea agreement included a binding term of 60 months of imprisonment under Fed. R. Crim. P. 11(c)(1)(C). The plea agreement also contained an appeal waiver, providing that Dewberry waived his right to appeal or collaterally attack a finding of guilt

following the acceptance of this plea agreement. The appeal waiver included the following provision:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious errors, such as misapplication of the [United States] Sentencing [Commission] Guidelines, an abuse of discretion, or an imposition of an unreasonable sentence.

The public defender represented Dewberry at the change of plea hearing. The district court accepted the plea after engaging in a Rule 11 plea colloquy to determine Dewberry's plea was knowing, voluntary, and made after being advised of his trial and constitutional rights. The district court asked Dewberry three times if he had been threatened or coerced in any manner to cause him to enter into this plea, to which he answered no each time. The district court also read the appeal waiver and asked Dewberry if he understood it, to which Dewberry responded yes.

In the presentence investigation report, Dewberry's United States Sentencing Commission Guidelines Manual ("Guidelines") range was calculated as 46 to 57 months of imprisonment. At the sentencing hearing, the district court formally accepted the plea agreement and sentenced Dewberry to the agreed-upon term of 60 months of imprisonment.

In March 2017, Dewberry filed a pro se document, which we treated as a Notice of Appeal. The public defender then filed an *Anders* brief, see *Anders v. California*, 386 U.S. 738 (1967), expressing her view the plea agreement prohibited an appeal of the issues on which Dewberry wished to proceed. However, the public

defender also asserted the district court violated Dewberry's Sixth Amendment right to proceed pro se.

We appointed Dewberry new counsel under the Criminal Justice Act and ordered the parties to brief the following issues: (1) whether Dewberry's plea of guilty waived his ability to challenge the denial of his Sixth Amendment right to self-representation; and (2) whether Dewberry's conduct warranted the district court's denial of self-representation. In its briefing, the government conceded Dewberry's conduct did not justify the district court's denial of Dewberry's right to proceed pro se, but argued the reappointment of counsel was warranted because Dewberry did not unequivocally assert his right to self-representation when asked by the district court during the pretrial evidentiary hearing. The government also argued Dewberry waived his right to appeal by pleading guilty.

## II. Analysis

Before considering whether the district court violated Dewberry's Sixth Amendment right to self-representation, *see Faretta v. California*, 422 U.S. 806 (1975), we will address whether he waived his right to appeal the district court's alleged denial of this right by pleading guilty. We conclude Dewberry waived his right to appeal this claim.

"A valid guilty plea . . . waives a defendant's 'independent claims relating to the deprivation of constitutional rights that occurred prior to' pleading guilty." *United States v. Pierre*, 870 F.3d 845, 848 (8th Cir. 2017) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also United States v. Limely*, 510 F.3d 825, 827 (8th Cir. 2007) (stating a "valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses"). "[C]ase-related constitutional defects" are made "irrelevant to the constitutional validity of the conviction" by a guilty plea "[b]ecause the defendant has admitted the charges against him." *Class v.*

*United States*, 138 S. Ct. 798, 804–05 (2018) (quoting *Haring v. Prosise*, 462 U.S. 306, 321 (1983)).

However, a guilty plea does not waive all claims. A waiver does not occur, for example, when the defendant's plea was not made intelligently, voluntarily, and with the advice of counsel. *See Tollett*, 411 U.S. at 265. Nor does a guilty plea waive a defendant's right to facially challenge the Government's ability to constitutionally charge him in the first place. *See Class*, 138 S. Ct. at 805–06 (holding a guilty plea did not waive an argument that the government did not have the power to criminalize the charged and admitted conduct); *United States v. Broce*, 488 U.S. 563, 575 (1989) (quoting *Menna v. NY*, 423 U.S. 61, 62 n.2 (1975)) ("[A] plea of guilty to a charge does not waive a claim that — *judged on its face* — the charge is one which the State may not constitutionally prosecute.").

The first task before us then is to decide whether the Sixth Amendment right to represent oneself is the type of right that is waived by a voluntary and intelligent guilty plea or whether it fits into an exception. Although we have never answered this question directly, other circuits have.

The majority of the circuits to reach the issue have held a defendant waives the right to bring a claim for a potential violation of the right to proceed pro se by pleading guilty. *See United States v. Moussaoui*, 591 F.3d 263, 280 (4th Cir. 2010) (holding a defendant's guilty plea foreclosed his *Faretta* challenge); *Werth v. Bell*, 692 F.3d 486, 497 (6th Cir. 2012) (same); *Gomez v. Berge*, 434 F.3d 940, 942–43 (7th Cir. 2006) (same); *United States v. Montgomery*, 529 F.2d 1404, 1406–07 (10th Cir. 1976) (holding the same and observing a contrary conclusion would "open the door to manipulations and gamesmanship").

The only circuit to hold otherwise is the Ninth Circuit. *See United States v. Hernandez*, 203 F.3d 614, 627 (9th Cir. 2000) (overruled on other grounds by *Indiana*

-5-

*v. Edwards,* 554 U.S. 164 (2008)). In *Hernadez*, the Ninth Circuit held that because the district court wrongly denied the defendant's request to represent himself, it rendered his guilty plea involuntary. 203 F.3d at 627. The court reasoned the "district court's refusal to allow [the defendant] to exercise the right of self-representation forced him to choose between pleading guilty and submitting to a trial *the very structure* of which would be unconstitutional." *Id.* at 626. This choice placed "unreasonable constraints" on his decision to plead guilty. *Id.* The court stated: "When a defendant is offered a choice between pleading guilty and receiving a trial that will be conducted in a manner that violates his fundamental Sixth Amendment rights, his decision to plead guilty is not voluntary." *Id.* at 627. The court reasoned that the decision was not voluntary because "he ha[d] not been offered the lawful alternative—free choice—the Constitution requires." *Id.*

Dewberry urges us to follow an approach nearly identical to the one used in *Hernandez* and hold his guilty plea was involuntary based on the earlier denial of his right to represent himself. But we see no basis to conclude a district court's improper denial of a defendant's Sixth Amendment right to self-representation categorically transforms the defendant's later decision to plead guilty into a per se involuntary decision. As the Fourth Circuit explained, *Hernandez*'s rationale is based on the false premise that the defendant who is denied his right to represent himself is forced to either plead guilty or submit to an unconstitutional trial. *Moussaoui*, 591 F.3d at 280. The premise is faulty because "if the defendant proceeded to trial and was convicted, he could seek an appellate remedy for the constitutional violations he alleged." *Id.* In addition, we have noted that "if a defendant wishes to preserve his right to appeal, he should enter a conditional plea of guilty, 'reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.'" *Limely*, 510 F.3d at 827 (quoting Fed. R. Crim. P. 11(a)(2)).

More importantly, the approach used in *Hernandez* is inconsistent with Supreme Court precedent. *See Luce v. United States*, 469 U.S. 38, 42 (1984) (holding

that in order to preserve a claim of improper impeachment the defendant is required to testify at trial); *Tollett*, 411 U.S. at 267 ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process."). That precedent informs us that "case-related constitutional defects" are made "irrelevant to the constitutional validity of the conviction" by a later guilty plea "[b]ecause the defendant has admitted the charges against him." *Class*, 138 S. Ct at 804–05 (quoting *Haring*, 462 U.S. at 321). *Hernandez's* approach turns the rule on its head by making a defendant's admission of guilt irrelevant because of an earlier purported case-related constitutional defect. Therefore, we join the majority of circuits and hold a potential violation of the right to proceed pro se does not, in and of itself, render a plea involuntary.

Based on the above analysis, we conclude Dewberry waived his right to bring his Sixth Amendment claim unless he can show us on the specific facts of his case that he did not enter the plea knowingly and voluntarily. Based on the current record, we have no basis to reach such a conclusion.

At the change of plea hearing, the district court complied with Fed. R. Crim P. 11(b) in its colloquy with Dewberry, which is strong evidence the plea was knowing and voluntary. The district court personally addressed Dewberry in open court and made sure he knew and understood his rights and that he was waiving his trial rights if his plea was accepted. The district court also went over the plea terms with Dewberry and repeatedly questioned him to ensure the plea was voluntary and did not result from force, threats, or coercion. This detailed record of questioning about Dewberry's understanding supports the district court's finding he knowingly and voluntarily entered the plea.

We therefore hold Dewberry waived his right to challenge the district court's decision to deny him his Sixth Amendment right to represent himself. Although the district court may have violated Dewberry's right to self-representation, Dewberry is

barred from bringing his appeal on this record.  Therefore, we decline to address the merits of this Sixth Amendment argument.

### III.  Conclusion

For the reasons set forth herein, we affirm.

KELLY, Circuit Judge, concurring in the judgment.

In my view, the record makes clear that the district court violated Dewberry's right to self-representation when it reappointed counsel to represent him.  The presence of that structural error may have rendered Dewberry's guilty plea involuntary.  But because the current record is not fully developed on the second issue, I would not decide it on direct appeal.  I therefore concur in affirming the judgment.

This court reviews de novo a district court's refusal to allow a defendant to represent himself.  See United States v. LeBeau, 867 F.3d 960, 973 (8th Cir. 2017).  "A request to proceed pro se is constitutionally protected only if it is timely, not for purposes of delay, unequivocal, voluntary, intelligent and the defendant is competent."  Jones v. Norman, 633 F.3d 661, 667 (8th Cir. 2011) (cleaned up); see also Faretta, 422 U.S. at 835–36.  Here, the magistrate judge found that Dewberry's request to represent himself checked all of the Faretta boxes, and so he granted Dewberry's request.  No one challenges that ruling.  When the district court later terminated Dewberry's representation, it explained that it did so "to get this plea worked out" and to "help [him] get ready for trial."  But these are not valid reasons to bar a defendant from representing himself.  See United States v. Smith, 830 F.3d 803, 810 (8th Cir. 2016) ("Defendants have a right to present unorthodox defenses and argue their theories to the bitter end. . . . [F]ailure to respond to a proposed plea agreement [does not] warrant denial of the right of self-representation at trial."

(cleaned up)). Thus, the district court impermissibly denied Dewberry his right to represent himself at trial.

That brings me to the only issue addressed by the court: whether Dewberry waived his right to self-representation by pleading guilty. The denial of the right to self-representation is a structural error. See United States v. Gonzalez-Lopez, 548 U.S. 140, 148–49 (2006); see also McCoy v. Louisiana, 138 S. Ct. 1500, 1508 (2018). But it seems that structural errors "can still be waived." Jackson v. Bartow, 930 F.3d 930, 934 (7th Cir. 2019) ("[T]he consequence of a 'structural' error is that it is not subject to harmless-error review; but such errors can still be waived." (citation omitted)); see also Moussaoui, 591 F.3d at 280 n.12. So I agree with the court that the outcome of Dewberry's appeal hinges on whether his guilty plea was knowing and voluntary. This is the sort of issue that is often better deferred to post-conviction proceedings under 28 U.S.C. § 2255, as it usually involves facts outside the original record. See United States v. Agboola, 417 F.3d 860, 864 (8th Cir. 2005); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990). I see no reason to depart from the usual rule here, as an invalid plea "is not readily apparent in the current record." Agboola, 417 F.3d at 864. But Dewberry is not barred from challenging the validity of his guilty plea—or raising a claim of ineffective assistance of counsel—in a post-conviction proceeding.

_____