# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1882

_____

United States of America

*Plaintiff - Appellee*

v.

Joan Myrna Reudas-Vargas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: October 31, 2019
Filed: November 5, 2019
[Unpublished]

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Joan Myrna Reudas-Vargas appeals the district court's[1] judgment entered upon her guilty plea to theft of government property with regard to her receipt of social

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

security disability benefits after an unreported period of work. Her counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that Reudas-Vargas should have been permitted to withdraw her guilty plea. In a pro se brief, Reudas-Vargas mentions her status as medically disabled, a limitations period, the lack of administrative proceedings, and being coerced to plead guilty.

Following our review of the record, including the plea agreement and colloquy, we conclude that Reudas-Vargas knowingly and voluntarily entered her guilty plea, and that the district court did not abuse its discretion in denying her motion to withdraw it. *See United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008) (reviewing for abuse of discretion denial of motion to withdraw guilty plea, and reviewing de novo whether plea was knowing and voluntary; defendant must establish "fair and just" reason to withdraw plea after its acceptance); *see also Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (noting defendant's representations during plea-taking carry strong presumption of verity). Aside from any voluntariness argument, we conclude that Reudas-Vargas's pro se arguments are largely waived by her guilty plea, *see United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007), as well as by the appeal waiver contained in her plea agreement, *see United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). We also decline to consider any ineffective-assistance claim because the record is insufficiently developed. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006).

Finally, having reviewed the record independently pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no non-frivolous issue for review. We grant counsel's motion to withdraw, deny Reudas-Vargas's motion for appointment of new counsel, and affirm the district court's judgment.

---