# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3718

_____

United States of America

*Plaintiff - Appellee*

v.

Deon Marcell Goldsmith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted:  December 12, 2019
Filed: February 10, 2020
[Unpublished]

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Deon Goldsmith pleaded guilty to two counts of using a communication facility[1] in the commission of a felony offense.  *See* 21 U.S.C. § 843(b), (d)(1).  The

_____

[1]A "communication facility" is defined as "any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals,

district court[2] sentenced him to 46 months in prison. On appeal, Goldsmith challenges the denial of a pretrial suppression motion and argues that his sentence is substantively unreasonable. We affirm.

Goldsmith did not properly preserve the first of his two challenges. Guilty pleas are "presumptively unconditional" and waive any "non-jurisdictional defects and defenses" to a conviction. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007). There is an exception: a criminal defendant can, "[w]ith the consent of the court and the government, . . . reserv[e]" the right to appeal the denial of a "specified pretrial motion" in "writing." Fed. R. Crim. P. 11(a)(2). But this case does not fall within it.

Goldsmith has a written plea agreement, but it is missing any reference to his suppression motion. Rather, in a section of the agreement containing the heading, "**<u>SENTENCING PROVISIONS</u>**," it says only that

> [t]he parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

Reserving "any ruling" without "specif[ying]" a single one is the opposite of what Rule 11(a)(2) demands, which is *precise* identification of "what pretrial issues have been preserved for appellate review." *Limley*, 510 F.3d at 827–28 (quoting Fed. R. Crim. P. 11(a) advisory committee's note to 1983 amendment) (holding that a guilty plea was unconditional even though the plea agreement stated that the defendant "retain[ed] all rights to appeal" his conviction). Because "[n]othing [else] in the record" satisfies Rule 11(a)(2)'s specificity requirement, Goldsmith has waived his right to appeal the denial of the motion. *Id.* at 828.

---

pictures, or sounds of all kinds." 21 U.S.C. § 843(b). Included within this definition are "mail, telephone, wire, radio, and all other means of communication." *Id.*

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Even though Goldsmith retained the right to appeal the length of his sentence, there is nothing unreasonable about it. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining that we review the substantive reasonableness of a sentence for an abuse of discretion). The district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), before imposing a bottom-of-the-Guidelines-range sentence of 46 months in prison. *See United States v. Washington*, 893 F.3d 1076, 1080–81 (8th Cir. 2018) (explaining that a sentence within the Guidelines range is presumptively reasonable). Although Goldsmith argues that the court failed to adequately consider several mitigating factors, the court simply gave them less weight than he would have liked. This was within its discretion to do. *See United States v. Nguyen*, 829 F.3d 907, 925–26 (8th Cir. 2016) (acknowledging the "wide latitude" that district courts have in this area).

We accordingly affirm the judgment of the district court.

_____