# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1493
_____

United States of America

*Plaintiff - Appellee*

v.

Kirby Michael White Bull

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: November 16, 2020
Filed: April 28, 2021
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Kirby White Bull tried to withdraw his guilty plea, which was for assault of a
dating or intimate partner by strangulation or suffocation, 18 U.S.C. §§ 113(a)(8)

and 1153. The district court[1] denied his motion because there was no fair and just reason for the withdrawal. We affirm.

## I.

A grand jury indicted White Bull on four related domestic assault charges. White Bull initially pleaded not guilty, but he later signed an agreement to plead guilty to Count Three, assault resulting in substantial bodily injury to an intimate partner. The district court held a change of plea hearing, but White Bull refused to provide a factual basis for the guilty plea. White Bull then filed a motion to substitute counsel, which the district court granted.

The parties went back to the drawing board and came up with a second agreement. White Bull would plead guilty to Count Four, assault of a dating or intimate partner by strangulation or suffocation. At his second change of plea hearing, White Bull admitted the factual basis for the plea. White Bull said that he had enough time to review the plea agreement with his lawyer and that he was pleased with counsel's performance. The district court then walked through the remainder of the plea colloquy required by Federal Rule of Criminal Procedure 11(b) and accepted White Bull's guilty plea.

At sentencing, White Bull announced that he wanted to withdraw his guilty plea because he did not remember whether he strangled the victim. The district court asked White Bull to file the appropriate motion, which the court then denied, finding that White Bull knowingly and voluntarily entered his plea and that he failed to demonstrate a fair and just reason to withdraw. White Bull appealed.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

II.

A defendant who has pleaded guilty may withdraw the plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The 'fair and just' standard is a liberal standard, but it does not create an automatic right to withdraw a plea." United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (cleaned up). "[T]he decision to allow or deny the motion remains within the sound discretion of the trial court." United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997). "Our review of the denial of a motion to withdraw is for an abuse of discretion, while we consider *de novo* the mixed legal and factual question of whether a plea was knowingly and voluntarily made." United States v. Sampson, 606 F.3d 505, 508 (8th Cir. 2010).

"To prove that his plea was not a knowing and voluntary plea, [White Bull] must show that he did not make a voluntary and intelligent choice among the alternative courses of action." Weisberg v. Minnesota, 29 F.3d 1271, 1278 (8th Cir. 1994) (citation omitted), cert. denied, 513 U.S. 1126 (1995). He has not done so. The district court walked White Bull through the plea colloquy in Rule 11(b), which is "strong evidence the plea was knowing and voluntary." United States v. Dewberry, 936 F.3d 803, 807 (8th Cir. 2019), cert. denied, 140 S. Ct. 2827 (2020). White Bull acknowledged that he had time to review the plea agreement and discuss it with his new lawyer. He affirmed that his plea was voluntary and did not result from force, threats, or coercion. White Bull also said he understood all of the charges against him and further affirmed that he understood his right to a jury trial and that he surrendered that right by pleading guilty. White Bull's guilty plea was knowing and voluntary.

White Bull next argues that he had a fair and just reason for withdrawal because of inconsistencies between his testimony at his first change of plea hearing

and his second change of plea hearing.[2]  More precisely, White Bull suggests that because he did not admit guilt in the first hearing, we should doubt his later admission.  The district court found this was not a valid reason for withdrawing a guilty plea and we agree.  In many cases, a defendant will, at least initially, plead not guilty.  If we reversed a district court's denial of a motion to withdraw solely due to a defendant's previous unwillingness to acknowledge their alleged guilt, we would create an exception that would swallow the rule.  We decline to do so.

III.

The judgment of the district court is affirmed.

_____

---

[2]White Bull also suggests we should not consider his later guilty plea because he was not placed under oath.  We disagree.  A district court may accept a guilty plea of a defendant who was not placed under oath.  See Fed. R. Crim. P. 11(b)(1) (providing that "before the court accepts a plea of guilty or nolo contendere, the defendant *may* be placed under oath") (emphasis added).