IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 20, 2022

**RODGER E. BROADWAY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 120992   Steven Wayne Sword, Judge**

_____

**No. E2022-00489-CCA-R3-PC**

_____

Rodger E. Broadway, Petitioner, sought relief from his 2003 convictions for first degree felony murder, especially aggravated robbery, and aggravated rape, which were the result of guilty pleas, claiming that trial counsel told him he could not file for post-conviction relief and that the trial court deprived him of his fundamental right to represent himself. The post-conviction court found that the petition was not timely filed and that Petitioner was not entitled to due process tolling and summarily dismissed the petition. After a thorough review of the record, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TOM GREENHOLTZ, JJ., joined.

Rodger E. Broadway, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Courtney N. Orr, Senior Assistant Attorney General; Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 20, 2001, the Knox County Grand Jury indicted Petitioner for four counts of first degree felony murder, one count of first degree premeditated murder, one count of especially aggravated robbery, four counts of aggravated rape, four counts of aggravated burglary, and one count of felony theft. *State v. Rodger E. Broadway,* No. E2018-01033-CCA-R3-CD, 2019 WL 669249, at *1 (Tenn. Crim. App. Feb. 19, 2019), *perm. app. denied*

(Tenn. May 20, 2019).[1]  On January 29, 2002, the State filed a notice of intent to seek the death penalty.  *Id*.  On April 22, 2003, Petitioner "pleaded guilty to first degree felony murder, especially aggravated robbery, and aggravated rape."  *Id.*  Pursuant to a plea agreement, the trial court sentenced Petitioner to life without the possibility of parole.  *Id.* There was no direct appeal.

On March 18, 2022, Petitioner filed a *pro se* Petition for Post-Conviction Relief ("the Petition"), claiming that trial counsel was deficient by "misinforming" him that trial counsel's "actions could never be challenged in any proceeding" and that he could not file a petition seeking post-conviction relief.  Petitioner claimed that, as a result of counsel's "misconduct, abandonment, and misrepresentation[,]" his guilty plea "was made under the impression that he was under imminent threat of death because no challenge in law was available."  Finally, Petitioner claimed that "due process require[d] tolling of the statute of limitation."  Petitioner annexed to the Petition the "Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty" ("the Plea Form"), the transcript of the April 22, 2003 plea submission hearing, Petitioner's *pro se* "Motion to Dismiss Counsel(s) and Reappointment of Counsel(s)" ("Motion to Dismiss Counsel") filed October 2, 2002, and the transcript of the hearing on that motion.  The trial court refused to dismiss counsel and denied the motion.

On March 29, 2022, the post-conviction court entered a written order finding that the Petition was filed almost eighteen years beyond the one-year statute of limitations; that Petitioner had demonstrated "he knew how to petition the court for redress" by filing a Rule 36.1 motion in 2018; that Petitioner had not shown that he had been pursuing his post-conviction rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing; and that the post-conviction court did not have jurisdiction to consider the Petition.  The court summarily dismissed the Petition, and Petitioner timely appealed.

**Analysis**

On appeal, Petitioner claims that the post-conviction court erred by summarily dismissing the Petition.  Petitioner argues that trial counsel's misrepresentation and deceptive misconduct justify due process tolling of the statute of limitations.  Petitioner also claims that the trial court's "structural error" in denying his Motion to Dismiss Counsel deprived him of a "fundamental [S]ixth [A]mendment autonomy right to represent himself."      The State argues that the post-conviction court properly concluded that it

_____

[1] This citation is to this court's opinion affirming the summary dismissal of a Tennessee Rule of Criminal Procedure 36.1 motion filed by Petitioner on May 11, 2018.  We take judicial notice of the record in that appeal.

- 2 -

lacked jurisdiction because Petitioner filed his petition for post-conviction relief nearly eighteen years after the statute of limitations expired; he did not diligently pursue his rights, and he failed to allege circumstances that would justify due process tolling. We agree with the State.

The Post-Conviction Procedure Act states that "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part . . . within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2022). Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). "A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013). The court in *Whitehead* cautioned that due process tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

The Plea Form, which was included as an appendix to the Petition, states in number (7):

I understand that by pleading guilty, I am waiving or giving up my right to appeal all non-jurisdictional defects or errors in these proceedings; including any complaints I might have that I was unlawfully arrested, that my property or possessions were unlawfully searched or seized, that my right against self-incrimination or right to counsel were violated, or that I was denied a right to a speedy trial. However, if I am tried on a plea of not guilty and am dissatisfied with the jury's verdict or the judgment of the Court, I may appeal to the Court of Criminal Appeals, be furnished counsel and if necessary have the transcript furnished by the State at no cost to me.

The transcript of the plea submission hearing, which was also included as an appendix to the Petition, contains the following colloquy:

THE COURT: . . . . Lastly, Mr. Broadway, you give up your right of appeal. If you went to trial and you didn't like the way it turned out, didn't like the sentence imposed by the Court or the finding of the jury, you could appeal those issues to the Court of Criminal Appeals. There's an automatic

appeal. And, again, if you couldn't afford a lawyer or a trial transcript, we'd provide you with lawyers and a trial transcript to help you in the appeal. But, again, by pleading guilty here this morning, you're waiving those rights. So[,] there's no trial; there's no appeal. This is a final, nonappealable hearing here this morning. You understand that?

[PETITIONER]: Yes, sir.

In his brief, Petitioner claims that trial counsel "mailed him a deceptive recommendation to waive his jury trial and accept a plea of guilt." Petitioner claims that counsel "misinformed [him] that he was waiving a future challenge to his Sixth Amendment [r]ight to counsel" and that "based on [trial counsel]'s deceptive recommendation, coupled with the guilty plea proceeding; he was under the impression that he could not file a post[-]conviction petition." He claimed that "[t]his deceptive misconduct [was] an 'extraordinary' circumstance that prevented [him] from pursuing his rights diligently[.]"

Petitioner claims in his brief that he wrote the following letter to trial counsel on June 26, 2005:

> I have been told that I could have filed a post-conviction petition even though I [p]led guilty; but you said that I could not because the hearing was a nonappealable capital case and if I did file a petition I would be placed on maximum security. I have been writing you and trying to call you for two years. I know I had a capital case but I am from New York and I need the truth about how to pursue my case. I have been sever[e]ly beaten under your representation and I deserve the truth to pursue my case.

Based on his own letter, Petitioner by June 26, 2005, at the latest, had been told that he could file a petition for post-conviction relief. Instead of doing so at that time, Petitioner waited almost seventeen more years before seeking post-conviction relief. *See Antonio L. Fuller v. State*, No. M2019-00340-CCA-R3-PC, 2019 WL 4942438, at *3 (Tenn. Crim. App. Oct. 8, 2019) (concluding that the petitioner was not entitled to due process tolling when the petitioner offered no explanation as to why he waited twenty-three years after he learned of his post-conviction rights before filing a petition for post-conviction relief). During that period of time, Petitioner filed a pro se motion to correct illegal sentences, appealed the denial of that motion to this court, and filed an unsuccessful Rule 11 application to the supreme court. *See Rodger E. Broadway*, 2019 WL 669249, at *1, 4. As the trial court properly concluded, "there [was] no evidence that the petitioner ever intended to file a post-conviction proceeding until" 2022. *See Melvin A. Odom v. State*, No. M2022-00252-CCA-R3-PC, 2022 WL 17261526, at *8 (Tenn. Crim. App. Nov. 29,

- 4 -

2022) (determining that the petitioner did not pursue his post-conviction rights diligently where the petitioner filed a motion to reduce his sentence almost two years before he filed for post-conviction relief and filed a motion to correct an illegal sentence almost one and a half years before he filed for post-conviction relief).

The State argues that Petitioner "appears to conflate his appellate and post-conviction rights." We agree. Neither the Plea Form nor the transcript of the plea submission hearing mentions post-conviction relief or waiver of the right to petition for post-conviction relief. "[T]his court has held that a petitioner's personal ignorance of the post-conviction procedures does not toll the statute of limitations." *Crystal D. Rutherford v. State*, No. M2013-01575-CCA-R3-PC, 2014 WL 1669960, at *4 (Tenn. Crim. App. Apr. 25, 2014) (internal citations omitted), *no perm. app. filed.*

Petitioner claims that the trial court made a "structural error" and deprived him of his "fundamental Sixth Amendment autonomy right to represent himself." The trial court found that it did not have jurisdiction to consider the Petition which included this claim. Even if the court had jurisdiction, Petitioner waived this stand-alone claim of error when he pled guilty. *See United States v. Dewberry*, 936 F.3d 803, 807 (8th Cir. 2019) (stating "we join the majority of circuits and hold a potential violation of the right to proceed pro se does not, in and of itself, render a plea involuntary"), *rehearing and rehearing en banc denied*. "A defendant who enters a plea of guilty waives all nonjurisdictional defects and constitutional infirmities." *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004) (citing *State v. McKinney*, 74 S.W.3d 291, 306 (Tenn. 2002); *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999)).

Petitioner is not entitled to due process tolling because Petitioner failed to show that he had been pursuing his rights diligently and that "some extraordinary circumstance" prevented him from timely filing the Petition. *Whitehead,* 402 S.W.3d at 631.

## Conclusion

For the foregoing reasons, the post-conviction court's summary dismissal of the Petition is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE