# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2482
_____

United States of America

*Plaintiff - Appellee*

v.

Billy Joe Taylor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: July 23, 2024
Filed: July 31, 2024
[Unpublished]
_____

Before KELLY, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Before Billy Taylor pleaded guilty to money laundering and conspiracy to commit health-care fraud, 18 U.S.C. §§ 1347, 1349, 1957, the district court[1] refused to release his seized assets and denied his request to change attorneys. Although he

_____

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

argues that these rulings violated his Fifth and Sixth Amendment rights, he cannot challenge them after unconditionally pleading guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (explaining that a guilty plea "break[s] . . . the chain of events," meaning it forecloses "independent clams relating to the deprivation of constitutional rights" that "preceded it in the criminal process"); *United States v. Dewberry*, 936 F.3d 803, 807 (8th Cir. 2019) (holding that a defendant waived a Sixth Amendment challenge by pleading guilty). Nor can he argue that his plea was unknowing or involuntary, given that he first raised the point in his reply brief. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived."). Finally, his argument that appointed counsel provided ineffective assistance will have to await collateral review. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006) (explaining that ineffective-assistance claims are "more properly raised in a separate motion under 28 U.S.C. § 2255"). We accordingly affirm the judgment of the district court.

_____